Lawton v. Buckingham.

---

LAWTON *et ux.* v. BUCKINGHAM, Executor.

1. DEED AS EVIDENCE. The amount named in the deed is only *prima facie* evidence of the amount actually paid.

2. SAME: PLEADING. In an action for breach of covenants, a general allegation, that the consideration was greater than the amount named in the deed, is sufficient to render evidence of mistake in drawing the deed, admissible.

3. ADMISSIONS BY PLEADINGS. Allegation in the petition undenied by the answer, are taken as true.

4. JUDGMENT AGAINST EXECUTOR. A personal judgment against a defendant who is sued as an executor is erroneous.

*Appeal from Lee District Court.*

SATURDAY, JUNE 6.

WRIGHT, J.—1. The consideration named in a deed is only *prima facie* evidence of the amount actually paid. And in an action to recover for a breach of the covenants of seisin and right to convey, it is competent to show that the true consideration was greater than that named.

If the amount was inserted by mistake, an averment to that effect is not necessary to let in the proposed testimony—it being averred that it was greater than that shown by the deed.

2. The deed was made to Caroline, wife of Nathan Lawton. They joined as plaintiffs in the action. It is objected that there is no evidence showing the marital relation. The petition shows that such relation is averred and it is not denied.

3. The action is against defendant in his capacity as executor. The judgment is against him in person. This was evidently not intended. But for this error, the cause will be reversed and remanded, with instructions to enter the judgment upon the verdict in proper form—the appellees paying the costs of this appeal.