WETHERELL v. BROBST.

1. **Contract:** CONSTRUCTION OF: EASEMENT. A contract for the purchase of a strip of land for a right of way was substantially as follows: Received of G. $25 in full for twenty-two feet, as an outlet, on the north side of [here describing the premises] ; and if I should fail to make title to the said land, I bind myself to refund said $25 to said G., retaining interest for use of said road. *Held,*

    1. That the obvious intent of the contract was to limit the vendor's liability in case he was unable to make title to the land, and that it was not optional with him to revoke the easement and refuse to convey, by refunding the money received.

    2. That the right contracted for was an easement as distinguished from a license, and not revocable, and parol evidence that it was the vendor's intention to confer a personal *privilege* upon the vendee, revocable at the will of the vendor, was inadmissible to change the legal effect of the instrument.

2. —— FAILURE OF VENDOR'S TITLE: ELECTION OF VENDEE. It was further held, that although the vendor had not yet, and might never acquire a perfect title, yet if the vendee was satisfied with, and would rather take it without warranty than wait and have a return of the consideration money if the vendor's title should fail, then he was entitled to a decree for the execution of the contract accordingly.

3. —— EASEMENT: IMPLIED GRANT. It would seem, as the private way in question was a visible easement attached to, and enjoyed in connection with, the farm of the vendee which it accommodated, that it passed by implication as an incident to the grant of such farm by the vendee to a purchaser, and that, therefore, no formal assignment of the contract would in such case be necessary to vest such purchaser with the right of his grantor in such way.

*Appeal from Marion District Court.*

SATURDAY, JANUARY 25.

PRIVATE WAY : CONSTRUCTION OF CONTRACT : SPECIFIC PER-FORMANCE : STAMP : IMPLIED GRANT OF EASEMENT OF WAY.—— This is a contest relating to a right of way over the north side of land used, occupied, and claimed by the defendant.

Wetherell v. Brobst.

One Gillespie owned forty acres of land, the S. W. corner of which touched the N. E. corner of the land of the defendant. Defendant's title appears to be this: One Patton owned 160 acres and sold it to a person, who sold 40 acres of it to defendant. Patton executed to his vendee a title bond for a deed when he should be fully paid. Defendant has fully paid his immediate vendor, but Patton has not been paid, and has obtained a decree of foreclosure for his purchase-money; but there has been no sale thereunder of the 40 acres sold to the defendant, who has thereon made valuable improvements. Defendant being then and still in possession, made, with his adjoining neighbor, the said Gillespie, an agreement in words following: "Received May 15, 1862, of J. W. C. Gillespie, $25, in full for 22 feet as an outlet on the north side of [*here describing the defendant's land as it is agreed*]; and if I should fail to make title to the said land, I bind myself to refund said $25 to said Gillespie, retaining interest for use of said road. Given under my hand the date above written. JOSIAH BROBST."

This twenty-two feet was fenced out and was used by Gillespie for ingress and egress to his farm, for some years prior and subsequent to 1862. In 1864 Gillespie sold his farm to the plaintiff, and at the same time assigned to him the above copied contract of the defendant.

Plaintiff used the lane or road until August, 1865, when the defendant (who then returned from a three years' absence) fenced up the same and forcibly prevented plaintiff from the further use of it.

Whereupon the plaintiff filed his petition in equity, praying an injunction to restrain defendant from obstructing said private way or road, and for a specific execution of the contract of May 15, 1862.

On a hearing upon the merits, the plaintiff had a decree that the defendant should, within ninety days,

execute to the plaintiff a conveyance of defendant's interest in and to the aforesaid twenty-two feet, describing it, for the purpose of a private way.

From this decree the defendant appeals.

*J. R. Barcroft*, with *Polk & Hubbell*, for the appellant.

*Phillips, Gatch & Phillips*, with *Stone, Ayres & Curtis* and *J. E. Neal*, for the appellee.

DILLON, Ch. J. — I. We have carefully examined the testimony in this cause, and find that the decree is right and should be affirmed, unless the points made by the defendant's counsel are well taken. It is first contended by them, that the contract of May 15, 1862, is alternative, the option being with the defendant; that is, the defendant may either make the plaintiff a title to the twenty-two feet or refund the twenty-five dollars, as he may elect. We hold that defendant cannot elect to refuse to make the title, against plaintiff's objection, upon restoring the twenty-five dollars.

1. CONTRACT: construction of: easement.

The obvious purpose of the defendant in the latter clause in the agreement, was to limit and determine the extent of his liability, if it should fall out that he should be unable to make to the other party, a good or at least satisfactory title to the strip of land. Its purpose was not to enable him to play fast or loose at his mere will or pleasure.

II. Again, it is contended that the defendant's parol testimony as a witness, shows that his intention in executing the said contract, was to confer a *personal* privilege upon *Gillespie* who was to enjoy it only so long as the defendant should be pleased to allow him to do so; that defendant by refunding the money received was to have the right to revoke the privilege or rescind the

license at his will, and therefore, inasmuch as Gillespie has sold to the plaintiff, and defendant has tendered the plaintiff the twenty-five dollars, the latter has no claim or right to a specific execution of the contract.

No fraud, no mistake, no accident, in the making of the writing of May 15, 1862, is averred or attempted to be shown. Therefore, parol evidence of an intention on the part of the defendant, directly in the face both of the language and legal effect of the written agreement, must be disregarded. The right contracted for was an easement as distinguished from a license, and is not revocable at the will of the defendant. Washb. on Easemt. p. 5, pl. 5; Id. p. 18, pl. 1, 2; *Karmuller* v. *Krotz*, 18 Iowa, 352, and cases cited.

III. But the objection most strongly urged in argument against the decree below, is, that inasmuch as the defendant has not yet a perfect title and may never get one, since Patton (the original vendor) has not yet been fully paid; defendant cannot be decreed to convey or to execute the agreement. If the defendant had not denied the plaintiff's right under the agreement, and forcibly obstructed his enjoyment of the way, and particularly if the plaintiff were, while the title was in this shape, insisting upon a conveyance with covenants, we should regard the objection (in view of the language of the contract read in the light shed upon it by the circumstances under which it was made) entitled to great and probably decisive weight.

We admit that the plaintiff could not be compelled to take a quitclaim, while the defendant's title is in its present condition, and that if the defendant should wholly lose the land, and the plaintiff had not elected to run the risk of such loss of title, the defendant would be bound, under the agreement, to refund the twenty-five dollars.

This provision was made for the benefit of Gillespie

(plaintiff's assignor) in case defendant should lose the land, and, as before stated, it was also made to fix the amount of defendant's liability in that event.

But, if the plaintiff is satisfied with the title of the defendant, and would rather take that without warranty, than wait and have a return of the consideration money, if defendant's title should fail, it is equitable, and within the spirit and reason of the authorities, to allow the plaintiff to have such an execution of the contract as is practicable. *Presser* v. *Hildenbrand*, *ante*, p. 483; see, also, 2 Lead. Cases, Eq. pt. 2, p. 35; Story Eq. § 779; 1 Sugd. Vend. 406.

This view, we are satisfied, carries out the intention and purpose of the parties to the contract on which the plaintiff relies.

The decree below was carefully framed, and ordered defendant to convey only his interest in the twenty-two feet. This satisfies, of course, all claims of the plaintiff under the agreement, whatever may hereafter chance to the title of the defendant.

This decree will not harm the defendant, while it secures to the plaintiff the use of the way, and the better enables him, if he should find it necessary, to treat with Patton or redeem from his lien for the purchase-money, if thereto entitled.

IV. It is objected, that the assignment of the agreement from Gillespie to plaintiff is void for want of a revenue stamp. No such point was made in the pleadings, nor on the introduction of evidence on the trial.

3. —— easement: implied grant.

This objection is not properly presented by the record, and if it were, it is not sustained thereby, for the original assignment is not before us, and there is no statement in the evidence or pleadings in relation to the stamping thereof.

But, aside from this, it would appear that the private way in question, was an apparent and visible easement attached to, actually used and continuously enjoyed, in connection with the farm which Gillespie conveyed to the plaintiff. If so, it would pass, by implication, as an incident to the grant of the farm. Such is the doctrine of *Karmuller* v. *Krotz* (*supra*), and that case is well supported by the authorities. See Washburn on Easement, ch. 1, § 3, particularly p. 25, pl. 12; p. 26, pl. 15; p. 28, pl. 2; p. 36, pl. 12, 13; *Pyer* v. *Carter*, 1. Hurlst. and Norm. (Ex.) 916; *Glave* v. *Harding*, 3 Id. 937; *Morrison* v. *Marquardt*, at present term, as to grants of easements by implication.

Affirmed.