PUTTMAN v. HALTEY.

1. **Conveyance: CONTRACT: DESCRIPTION.** A verbal contract for the conveyance of a right of way over real estate, is sufficiently certain in description, if the points of commencement and termination as well as the line of the way, be so fixed by the terms of the agreement that they may be readily ascertained by the government surveys; and though the length of the way is uncertain from the statements of the contract, yet if its certainty is fixed by other descriptions it is sufficient. Certain and fixed points, courses and monuments, control distances.

2. —— **CONTRACT.** Where there is a contract for the sale and conveyance of certain real estate and for a right of way over certain other real estate, embodied in the same agreement, that portion relating to the right of way may be shown and enforced nothwithstanding a deed for the real estate purchased, made pursuant to the contract, contains no mention of the right of way. The deed, in such case, does not contain the *contract* of the parties.

3. —— **CONSIDERATION.** The consideration of a conveyance may be shown to be different from that stated in the deed.

4. **Specific performance: RIGHT OF WAY.** A verbal contract for the conveyance of a right of way over certain real estate, will be specifically enforced in equity.

*Appeal from Winnesheik District Court.*

MONDAY, MAY 11.

THIS is an equitable proceeding to enforce the specific performance of a verbal contract to convey a right of

way. The petition avers, that the defendant agreed to sell and convey to the plaintiff a certain tract of land (describing it), and a right of way connecting the same with a certain public road, to commence at a given corner of the land, and thence over defendant's land along a section line to the intersection thereof with said public road, and to be of such width as is necessary for the use of the plaintiff. The consideration to be paid by plaintiff for said land and said right of way was $500. Under this contract the defendant caused another, who held the title of the land, to convey the same to plaintiff, the consideration for the land and right of way having been paid or received, and the plaintiff went into the possession of the land and of the use and enjoyment of the right of way, and continued therein for near two years under said agreement, until the defendant interrupted such use by fastening up the way and denying plaintiff's right thereto. No conveyance of the right of way has been executed by defendant. The relief asked is a decree requiring defendant to execute a deed for said right of way and securing plaintiff in the possession and enjoyment thereof. The answer of the defendant admits the conveyance of the land, as stated in plaintiff's petition, but denies the agreement in regard to the right of way, and avers that the consideration of $500 was paid for the land alone.

A decree was rendered in accordance with the prayer of plaintiff's petition. Defendant appeals.

*John T. Clark* and *Reuben Noble* for the appellant.

*L. Bullis* for the appellee.

BECK, J. — The evidence satisfactorily sustains the allegations of the petition in regard to the agreement to convey to plaintiff the use and possession of the right of way, and the other material averments. Against plaintiff's

Puttman v. Haltey.

right to relief, however, the defendant urges the following objections:

I. That the contract is not sufficiently certain as to the way itself to authorize the court to enforce specific per-formance thereof. We think this objection is not well taken. The point of commencement of the way as well as the line thereof, are fixed by the terms of the agreement and may be readily determined by the government surveys, and the actual terminus is declared by the contract and ascertained by the road which the way in controversy intersects. Though the length is uncertain, as stated in the contract, yet it is, in fact, certain, as fixed by the other descriptions. Certain and fixed points, courses and monuments control distances; these being given in this contract, the road can be determined with mathematical certainty.

*1. CONVEYANCE: contract: description.*

II. It is urged, that the contract between the parties is contained in the deed conveying the land to plaintiff, and cannot be varied or extended to include a right of way. But it is very evident that the deed has nothing whatever to do with the contract, farther than it was executed for the purpose of carrying it out in part. It is not between the same parties who made the contract, and in no sense does it contain that contract.

*2. —— contract.*

III. It is contended, that inasmuch as the deed recites that the consideration for the land is $500, which was the only consideration paid by plaintiff to defend-ant, and as it cannot be shown to be less or different, being incapable of contradiction, therefore it cannot be shown, that any part of the amount paid by plaintiff was in consideration of the right of way, and it must be conclusively taken, that the money was paid for the land and the land only. But the deed is not the con-tract of the parties to this suit, and does not embody the

*3. —— consideration.*

contract which plaintiff seeks to enforce. If it were, the consideration could be truly shown to be different from that expressed in it. *Lawton et ux.* v. *Buckingham, Admr.*, 15 Iowa, 22.

IV. The defendant insists, that plaintiff's only remedy, in case the contract is found to exist and can be supported,

**4. SPECIFIC PERFORM-ANCE: right of way.** is an action for damages, and that an agreement of this character for the conveyance of a right of way will not be specifically enforced. This court has held otherwise. *Wetherell* v. *Brobst,* 23 Iowa, 586.

We find no well founded objections in the record to the proceedings. The decree of the District Court is therefore

Affirmed.