WILE v. WRIGHT, Adm'x.

32  451
139  199

1. **Administrator** FILING OF CLAIMS: STATUTE OF LIMITATION. A claim against an estate is not barred by the statute requiring claims of that class to be filed and proved within one year and a half from the giving of notice of the administrator's appointment, if it be *filed* within the time prescribed though not sworn to until after. The provisions of the statute respecting the oath being directory, it may be administered after the filing. Following *Goodrich* v. *Conrad*, 24 Iowa, 254.

2. —— Where a claim was filed but not *proved* within the statutory period, because of the case being continued for the purpose of perfecting service and because of a re-trial being ordered at a subsequent term, it was *held*, that the claim was not barred.

3. **Practice:** ERROR WITHOUT PREJUDICE. An erroneous ruling which under the facts of the case, could have worked no prejudice to the party complaining, constitutes no sufficient ground for reversal.

4. **Action:** SURETY: SALE OF PERSONAL PROPERTY. Where F. was induced, through fraudulent representations of the vendor, to purchase a patent right, and W. was also induced thereby to deposit with the vendor a government bond as security that F. would pay the amount agreed to be given in accordance with the terms of the contract, it was *held*, the vendor having converted the bond to his own use, and the patent right proving worthless, that W. might recover the amount of his bond in an action against the vendor therefor.

5. —— *Held*, also, under the facts of the case, that the failure on the part of F. to tender back to the vendor a deed for the patent right, immediately upon the discovery of the fraud, did not affect W.'s right of recovery.

6. **Administrator:** JUDGMENT: PRACTICE. The rendition of a personal judgment against the administrator, in the enforcement of a claim against the estate, is erroneous ; but he cannot avail himself of the error on appeal to the supreme court unless a motion was made to correct it in the court below and there overruled.

*Appeal fom Des Moines Distict Court.*

FRIDAY, OCTOBER 20.

ON the 16th day of February, 1870, plaintiff placed in the hands of the sheriff of Des Moines county a notice di-

rected. to the defendant as administratrix of the estate of S. B. Wright, deceased, advising her that, on or before the 20th day of March, 1870, there would be on file in the office of the clerk of the *district court* of said county a petition of the plaintiff, claiming of the defendant $600 damages for fraudulent representations, warranty, etc., on account of a certain patent right, etc. This notice was served the day it was placed in the sheriff's hands. On the 18th day of March, the plaintiff filed his petition in the circuit court. On the 20th day of March the plaintiff placed in the hands of the sheriff a second notice, advising defendant "that there is now on file in the *district court* of said county a petition," etc. This notice was served on the 25th day of March, 1870. At the May term, 1870, of the circuit court, the cause was continued for service. On the 15th day of June, 1870, a third notice was placed in the hands of the sheriff, notifying defendant that a petition was on file "in the office of the clerk of the *circuit court*," etc.

On the 25th of June, 1870, service of this notice was accepted and an appearance entered. August 22d plaintiff filed an amendment to his petition, and, a motion for more specific statement being sustained thereto, on the 2d day. of September he filed an *amended* petition, in substance as follows :

" Plaintiff claims of defendant $1,000, for about November 15, 1867, S. B. Wright, then living, claimed to be the owner of a certain patent right for a certain improvement in the manufacture of butter, and desiring to sell the same, he approached the plaintiff and one Henry W. Fear, and intending to cheat, etc., falsely represented that said patent right was an improved method for making butter. * * * Said Wright also made many other material representations, and resorted to plans and fraudulent artifices to induce said Henry W. Fear and plaintiff to become interested therein, and to make purchase of certain por-

tions of said territory, covered by said patent; and relying upon said statements and being misled by said several acts, plaintiff and said Henry W. Fear, entered into a negotiation for the purchase of said territory; and in consideration that said Henry W. Fear and plaintiff would do the things and become parties as hereinafter mentioned, said Wright warranted said improvement to be what it was represented, and thereupon it was agreed by and between said Wright, Henry W. Fear and plaintiff, that said Wright should execute to said Henry W. Fear, an assignment of the patent right for Des Moines county; that Henry Fear should pay to said Wright the sum of $500, so soon as the same could be realized out of said patent, and that to secure the payment of this sum, and the application of the proceeds when realized, plaintiff should deposit with Wright, as a pledge or security, a certain government bond for $500; that Henry Fear should also pay S. B. Wright another $500 on condition that any thing should be made out of said patent, and that if any thing should be made out of the patent, one-half of the territory assigned to Fear should be by him assigned to plaintiff, which said arrangement was made between the said three persons as parties thereto, and the same was immediately executed as far as could be; said Wright executed the assignment to Fear; plaintiff deposited the bond with interest coupons attached, and Fear executed his obligation for $500 on the condition aforesaid. * * * Immediately thereafter Fear attempted in good faith to introduce the improvement and realize therefrom as contemplated according to said agreement, when it became known that said improvement was a cheat, a fraud and a delusion, that said representations were false and fraudulent; that there had been a breach of said warranty; no sums of money were or could be realized, and thereupon the said Henry Fear demanded of the said S. B. Wright the return and cancellation of his said note or obligation,

and plaintiff demanded the return of his said government bond. But said Wright refused to return or surrender either. That, after the death of said Wright, said Henry Fear offered and tendered to the said Mary L. Wright, administratrix, in trust for herself and all parties interested, a lawful assignment of said territory of Des Moines county, and thereby tendered to restore to said estate, though said patent was worthless and said tender was not necessary.

That, thereafter, for a valid consideration, the said Henry Fear assigned and transferred to plaintiff all his right and interest in, and to his demand against, said estate.

That said bond, so deposited with said Wright, remained in said Wright's hands long after said fraud was discovered and said warranty was broken, and was, by plaintiff, demanded, and said Wright or his administratrix has, wrongfully and without notice, disposed of the same or otherwise converted the same.

That the original petition, in this action was filed on the 18th day of March, 1870, the original notice having been placed in the hands of the sheriff on February 16, 1870, with intent to have the same served, but, by mistake growing out of the recent establishment of the circuit court, said notice informed the defendant that said petition was on file in the district court, which said error and mistake, was not discovered until the term of court at which it was intended to be returnable; and, in attempting to correct the same, the same mistake was repeated, and another notice of the same kind actually served upon defendant. That, when the mistake was discovered, a third notice was issued, placed in the sheriff's hands and served.

That said administratrix has been absent, out of this State, during a large part of the time since her appointment as such.

That said estate is unsettled and is solvent; therefore, plaintiff asks judgment for said $500 bond," etc.

The defendant, for answer, states, that she was appointed administratrix of the estate of S. B. Wright, deceased, on the 18th of November, 1868, gave notice of her appointment and qualification on the 19th; that more than fifteen months elapsed before the petition, in this claim, was made and filed in this court, and more than eighteen months before the filing of the amended petition; that said claim was never made out, sworn to and filed, and was not presented in any way for allowance, except by the filing of the petition herein; that the claim never was sworn to, in any form, till September 2, 1870; that no notice of the suit was served till August 21, 1870, and that the claim is barred by the statute of limitations.

The answer further denies the material allegations of the petition and claims, by way of set-off that, before defendant had notice of any assignment to plaintiff, Henry W. Fear became indebted to defendant in the sum of $1,400, upon a judgment which defendant recovered against said Fear. Upon plaintiff's motion that part of defendant's answer, denominated a set-off, was stricken out.

The cause was tried by a jury, and a special verdict returned upon questions submitted to them by defendant, also a general verdict for plaintiff in the sum of $635.37½. Motion for new trial was overruled, and defendant appeals. The further necessary facts are stated in the opinion.

*P. Henry Smyth* for the appellant.

*Halls & Baldwin* for the appellee.

DAY, Ch. J. — I.  The court having reserved the question of the statute of limitations for determination after

1. ADMINIS-
TRATOR: filing
of claims:
statute of
limitations.

verdict, in addition to the facts already stated, with reference to the service of the several notices, found that defendant was appointed administratrix November 18, 1868, and that she published notice of her appointment in the Burlington Hawkeye, November 19; that she left the State the last of May, 1870, and did not return until August following; that during her absence no one was authorized to allow claims against the estate; that defendant and her attorney knew, both during and before the May term, of the filing of plaintiff's petition; that at the August term, 1870, the cause was tried and verdict returned for plaintiff, which verdict, on motion of defendant, was set aside as contrary to evidence and a new trial granted; that no jury was summoned for the November term, and the cause was continued; that plaintiff is eighty-four years of age, and his mental and physical powers are impaired by age; that he has no fixed place of residence, but visits with friends and relations; that soon after the transaction out of which this action grew he went to Colorado and was absent about two years; that the estate of S. B. Wright is still unsettled, and could not have been finally settled if this action had not been pending; and that said estate is perfectly solvent.

Upon these facts, the court found, as a conclusion of law, that if the statutory period for the filing of the claim had expired, yet the peculiar circumstances of the case entitled plaintiff to relief, and that he should have judgment upon the verdict. In this ruling lies the first alleged error insisted upon in the argument. The administratrix was appointed on the 18th of November, 1868. The original petition was filed in the circuit court sixteen months thereafter, March 18, 1870. An amendment to this petition was filed August 22, 1870. On the 2d September, 1870, an amended petition, under which plaintiff now claims, was filed. The last petition was sworn to; the others were not. The Revision provides as follows: "Claims

against the estate must be clearly stated, sworn to and filed. Ten days' notice of the hearing, indorsed on a copy of the claim, must be served on one of the executors in the manner required for commencing actions in the district court." "All claims of the fourth of the above classes, not filed and proved within one year and a half of the giving the notice aforesaid are for ever barred, unless the claim is pending in the district' or supreme court, or unless peculiar circumstances entitle the claimant to equitable relief." §§ 2391 and 2405. It is insisted that, inasmuch as the claim was not sworn to until the filing of the amended petition, September 2, 1870, it is barred by the statute.

The claim was properly filed in the probate court within eighteen months, though not sworn to.

The omission of this act, required by section 2391, did not render the filing void. The provision with regard to the oath being directory, it may be administered after the filing. See *Goodrich* v. *Conrad*, 24 Iowa, 254.

Again, it is insisted, that the claim asserted in the amended petition is entirely distinct and different from that made in the original petition, and that hence the claim was not filed within eighteen months.

In the original petition, plaintiff alleged that by fraudulent representations S. B. Wright induced Henry W. Fear to purchase a patent right and pay therefor $500, and that Fear had assigned his cause of action to plaintiff.

The relief asked in the original petition was the same as that sought in the amended petition, to wit: the value of a bond alleged to have been converted by defendant. Although the relief originally asked was based upon facts differing from those alleged in the amended petition, yet the facts do not so essentially differ as to render the claims separate and distinct.

It is further urged, that the claim, though *filed* within eighteen months, was not *proved* within that time, and

that hence it is barred by the statute of limitations, citing
*Noble* v. *Massy*, 19 Iowa, 511.   Section 2405 of the Re-
vision provides that claims of the fourth class, not filed
and proved within one year and a half of the giving of
notice by the executor, are for ever barred, unless peculiar
circumstances entitle the plaintiff to equitable relief.   The
facts, briefly stated, are these : On the 18th of March,
1870, sixteen months after the appointment of the ad-
ministratrix of the estate of S. B. Wright, deceased, the
original petition was filed in the circuit court.

On the 16th of February, notice of the pendency of said
action was served upon defendant, a printed blank for the
district court being used, and by mistake, one of plaintiff's
attorneys omitted to erase the words "district court," and
inserted the time for holding the next term of the district
court.   On the 25th of the same month, a second notice
was prepared by another of plaintiff's attorneys, in which
the same mistake occurred.   At the May term, 1870, of
the circuit court, this mistake was discovered, and soon
thereafter a correct notice was prepared, service of which
was accepted by defendant's attorneys on the 25th day of
June.   At the following August term the cause was tried,
and a verdict returned for plaintiff, which was set aside by
the court on defendant's motion, as contrary to the evi-
dence.   At the following November term, no jury was
summoned, and the cause was continued.   The final trial
occurred at the February term, 1871.   The claim was
filed at such time as furnished reasonable ground for
believing that it might be proved at the May term of the
circuit court, and before the expiration of the time limited
in the statute.   A mistake in the notice rendered a con-
tinuance to the August term necessary.

For the setting aside of the verdict at that term, and
the absence of a jury at the succeeding term, the plaintiff
cannot be held responsible.   At the next term the cause
was tried.   The estate was unsettled at the time of trial

and solvent. We think, in view of all the facts, that the court did not err in holding that the claim was not barred.

II. It is insisted that the court erred in striking out defendant's set-off. Whatever may be said of the abstract

3. PRACTICE: error without prejudice. correctness of this order, it is quite evident that, under the theory of the case as adopted by both parties at the trial, the ruling worked the defendant no prejudice. This set-off, which was a claim held by defendant against Fear, could be interposed against plaintiff only upon the theory that the plaintiff was seeking to recover as the assignee of Fear, and was subrogated to his rights. But this theory was directly repudiated by the defendant at the trial, at whose instance the court instructed the jury that "plaintiff cannot recover by virtue of an assignment from H. W. Fear, for he does not claim to do so, but seeks to recover by virtue of the original transaction in depositing the bond." Under this instruction the jury must have found that the plaintiff's right to recover existed outside of any assignment from Fear, and did not depend upon it. Hence, if the set-off had not been stricken out, it is apparent that the facts proved justified no recovery thereunder. All of the instructions asked by the plaintiff and given, also show that he did not base his right of recovery upon any interest acquired through assignment from Fear.

Hence, we say that the striking out of this set-off did not affect the ultimate result, and constitutes no error of which defendant can complain.

III. Defendant complains of the refusal to give certain instructions asked by him, and the giving of others asked

4. ACTION: surety: sale of personal property. by plaintiff. For the sake of brevity we will not set out these several instructions, but will merely state the respective theories of the case which they are designed to present and support. The position of plaintiff stated in brief is, that if a fraud was perpetrated upon Fear by which he

was induced to purchase the patent, and the plaintiff deposited the bond with defendant, not as payment of the liability incurred by Fear to Wright, but as mere security and pledge to him that Fear would pay the amount according to the terms of the agreement, the fraud would prevent the amount agreed to be paid by Fear from assuming the form of an indebtedness, and entitle plaintiff to withdraw the security, or, if the same had been converted, to recover its value. The defendant's position is, that, notwithstanding such fraud and deposit of the bond as security, the plaintiff's only remedy is against Fear for the value of the bond. After a careful consideration of the case, we are constrained to hold that the court below adopted the correct view. It may well be inferred that the supposed ability of Fear to pay his assumed liability out of the profits of his purchase constituted the inducement to plaintiff to deposit the bond as security for such payment. If the patent proved worthless the deposit with defendant was made under circumstances different from those that were supposed to exist. If then the defendant be allowed to retain and appropriate this deposit, he is permitted to substitute for plaintiff's agreement one which he did not make and would not voluntarily have made. It seems to us manifestly unjust that the perpetrator of a fraud should be allowed to avail himself of the proceeds of this bond, and the plaintiff be restricted to a remedy against Fear alone, who may be utterly insolvent.

IV. It is further claimed that Fear should, upon the discovery of the fraud, have tendered back a deed for the patent-right and offered to rescind the contract, and that a failure to do this promptly defeats the plaintiff's right of recovery. If, however, the deposit was made on account of a belief in Fear's ability to pay the debt out of the profits of the patent, engendered by the fraudulent representations of defendant, we cannot see how the laches of Fear should compromise the plaintiff's rights. With-

out an offer to rescind, Fear, when sued for the purchase-money, could recoup the damages sustained through the fraud, and would be liable only for the real value of the patent purchased. And the deposit being made to secure the performance of Fear's contract, defendant could retain only so much of the avails of the bond as would equal Fear's liability to him. This view was presented by the instructions given.

V. Lastly, it is claimed that the judgment against Mary L. Wright *in personam* is erroneous. In rendering this 6. ADMINISTRA- judgment there is technical error. But to TOR: judg- ment: practice. avail himself of it, appellant should have called the attention of the court below to its existence and moved its correction. Rev., § 3545; *Webster* v. *Cedar Rapids and St. Paul Railroad Co.*, 27 Iowa, 315; *Berryhill* v. *Jacobs*, 19 id. 346; S. C., 20 id. 246. It does not appear but that the case of *Lawton* v. *Buckingham*, 15 Iowa, 22, arose prior to the adoption of the Revision. At all events, the question must be regarded as settled by the later decisions.

A motion to correct this judgment may yet be entertained by the court below.

Affirmed.