## TRAYER v. REEDER.

1. **Practice:** QUESTIONS ON APPEAL. In an action at law questions must be raised in the court below to entitle them to a hearing in the Supreme Court.

2. **Evidence:** CONSIDERATION FOR DEED: MAY BE SHOWN BY PAROL. A deed is not evidence of the contract between the grantor and grantee, but simply the final consummation of the contract, and payment of the purchase money, together with possession of the property sold, constitutes a part performance sufficient to take the antecedent contract, where it rests in parol, out of the statute of frauds, and thus permit the introduction of oral evidence showing what the contract in fact was.

*Appeal from Cedar Circuit Court.*

FRIDAY, DECEMBER 15.

THIS action was commenced before a justice of the peace; the pleadings were oral. The plaintiff and one Carpenter were owners of adjoining farms; the plaintiff purchased of Carpenter a strip of land 2 rods wide and 128 rods long for the purpose of a road, and as a part of the consideration therefor agreed to build and keep up a certain portion of the fence along the lane on the west side. The plaintiff sold and conveyed his farm, including the two rod strip, to the defendant. The latter failed and refused to keep up the fence, and the plaintiff, being compelled to pay therefor, brings this action to recover the amount so paid. There was a trial by jury in the Circuit Court, verdict for plaintiff, and defendant appeals. The trial judge gave the certificate required by law.

*Piatt & Carr*, for appellant.

*S. Yates*, for appellee.

SEEVERS, CH. J.—The plaintiff conveyed the land to the defendant by the usual and ordinary deed, the consideration expressed therein being $4,900. The covenants of warranty were in the usual form. No reservation or exception whatever was made in the deed, and there was no reference to the

Carpenter contract about the fence. The plaintiff sought to prove, by oral testimony, what the contract was between him and defendant, and that the latter agreed to build and maintain the fence, and that the plaintiff, in consideration of the agreement, sold, and agreed to take one hundred dollars less for the farm than he otherwise would have done. To the introduction of this evidence the defendant, at the proper time, objected, "for the reason that there was a written contract between the parties and parol evidence could not be introduced to vary its terms. The objection was overruled and the evidence admitted, to which defendant excepted." This presents the sole question for our consideration.

I. It is urged in argument that the agreement between the plaintiff and defendant is void because within the statute of frauds. To this it is sufficient to say that no such question was made in the court below. Neither in the objections made to the evidence, instructions asked or in the motion for a new trial, is there even a suggestion that any such objection was relied on, and it cannot, therefore, be raised for the first time in this court. *McNaught v. C. & N. W. R. R. Co.*, 30 Iowa, 336.

*1. PRACTICE: questions on appeal.*

II. There was no contract in writing in relation to the sale of the land or obligation to build the fence, except the deed. Whatever negotiations or contract of purchase and sale that preceded the deed existed wholly in parol. The deed is evidence of the final consummation of some contract previously made; but it is not evidence of what the contract was, and has nothing to do with it farther than to carry it out. *Puttman v. Haltey*, 24 Iowa, 425. It is clear there must have been an agreement preceding the deed, for the latter is the mere result of the negotiations between the parties.

*2. EVIDENCE: consideration for deed: may be shown by parol.*

Whether the deed is conclusive evidence that the contract has been carried out or performed depends upon what the contract in fact was. The contract, being in parol, could not have been enforced by legal proceedings, but the execution of the deed, payment of the purchase money or a part of it, together with the possession of the premises given and taken,

shows a part performance at least,. which is sufficient under the statute. There having been such a performance neither party can rely on the statute as a defense to a full performance of the contract. It is a mistake to suppose the deed is the contract, or that no other evidence is admissible to show what the contract really was. This will be apparent by the thought that, if these parties had entered into a written contract preceding the execution of the deed in which the defendant had agreed, among other things, as a part of the consideration of his purchase, that he would build and maintain the fence, . such contract, without doubt, could have been enforced, notwithstanding a deed was afterward executed which contained no reference to such contract. ·

,     The recognition or enforcement of the contract does not create a charge on the land; it is a mere personal claim against the defendant. He can sell and convey the land and his grantee will obtain a perfect title, nor will he be under any obligation to build or maintain the fence in the absence of an express agreement to do so. This being true, this contract was not within the covenants of the deed, and therefore a reference to it in the deed would have been out of place. Why except from the operation of the covenants what was not within them? Therefore, proof of the contract is not contradictory to the deed, as it would have been if it constituted an incumbrance on the land and was not excepted from the covenants of the deed. Rawle on Covenants for Title, 128.

The rule is well understood that parol evidence cannot be admitted to vary or contradict a written contract. Conceding the deed to be the contract, does the evidence introduced against defendant's objections vary its terms, or is it contradictory thereto? The deed is *prima facie* evidence of the consideration paid, but in this country at least it seems to be settled that, for *any purpose* short of affecting the title, the consideration clause is not conclusive evidence that the money has been paid, and is only *prima facie* evidence of the amount, which may by parol proof be shown to be greater or less than that shown in the deed. Rawle on Covenants for Title, 66, and authorities cited; *Lawton v. Buck-*

*inghum*, 15 Iowa, 22; *Harper v. Perry*, 28 Iowa, 57; *Putt-man v. Haltey, supra*. It has accordingly been held, where the deed recites (as is usual) that the consideration money has. been paid, that this is not conclusive but may be contradicted by parol. *Wilkinson v. Scott*, 17 Mass., 249; *Shephard v. Little*, 14 Johns., 210. And it has also been held, and such seems the prevailing rule, that a consideration *dehors* the deed may be proved unless such consideration is repugnant to the deed. 2 Washburn on Real Property, 654; *Jackson v. Pike*, 9 Cowen, 69.

The deed states that in consideration of $4,900 the plaintiff sold and conveyed the premises. Under the authorities cited the true consideration may be shown by parol, whether it be greater or less than the sum thus stated. In any view which may be taken the defendant's objections to the admission of the testimony were properly overruled, and the judgment of the Circuit Court must be

AFFIRMED.