MISSOURI, KANSAS & TEXAS RAILWAY CO. v. J. A. CRANE.

Delivered April 8, 1896.

**1. Charge of Court—Harmless Error—Switching Accident.**

Where a switchman, while attempting to couple cars, under the order of the foreman, was injured by the switching against them of other cars, also under the order of the foreman, and without warning to the switchman, and the evidence showed that cars were never switched in against other cars without giving warning to those between the latter cars, the following charge was held harmless, if erroneous: "A servant does not assume any risk arising from the want of ordinary care upon the part of the master."

**2. Evidence—Custom—Contributory Negligence.**

In an action for personal injuries, where the defense is contributory negligence, evidence of the custom among men in the same business under similar circumstances is admissible to meet the charge of contributory negligence.

**3. Charge of Court—Fact Properly Omitted.**

Where the foreman ordered plaintiff to the place where he was injured, and consequently knew that he was there, a charge enumerating the facts to be proved by plaintiff is not subject to criticism because it failed to state that the foreman must have anticipated the dangerous position occupied by plaintiff.

**4. Same—Special Instruction Properly Refused.**

Where plaintiff had charged negligence against defendant in not having the drawheads properly constructed, and evidence on that subject was introduced without

objection, liability for damages, however, being placed by the charge of the court on the negligence of the foreman, it was not error to refuse an instruction to the jury to disregard the testimony with reference to the drawheads.

**5. Railway Company—Discretion of Servant in Obeying Order—Evidence.**
Testimony as to the duties of plaintiff as longfielder was properly admitted, as tending to show that he had no discretion as to obeying the order.

**6. Same—Expert Testimony—Order of Switching Foreman.**
Expert witnesses were properly allowed to explain to the jury the meaning of the order given plaintiff.

APPEAL from Grayson. Tried below before Hon. DON A. BLISS.

*Foster & Wilkinson, A. L. De Armand, T. S. Miller* and *Head, Dillard & Muse,* for appellant.

*C. B. Randell,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee, an employe of appellant, sued for damages inflicted on his person through the faulty construction of certain drawheads, and the negligence of a foreman under whose authority appellee was working. The answer was a general denial and plea of contributory negligence. The case was tried by a jury, and resulted·in a verdict for appellee for $5000, and judgment was rendered accordingly.

Appellee, a young man, being in the employ of appellant as a night switchman, was ordered by his foreman to mount a caboose car that was moving, to ride it to where another car was standing, and couple them. He mounted the caboose, rode to within a short distance of the other car, sprang down and ran to the other car, and was about to complete the coupling, when other cars struck the caboose, threw it against appellee, knocked him down, and cut off the fingers of his right hand. The injury occurred through the negligence of the foreman in ordering cars moved against the caboose while appellee was performing the coupling. No notice was given to appellee of the order to strike the caboose with other cars while he was performing the coupling in obedience to orders.

The court charged the jury that, "Every servant assumes the risks naturally or ordinarily incident to the nature of his employment. A master is not an insurer of the safety of the servant. Therefore, when a servant receives an injury from one of these risks, he cannot recover any damages from the master on account of such injury. But a servant does not assume any risk arising from the want of ordinary care upon the part of the master." It is contended by appellant that the last sentence above quoted is erroneous, in that it forbids the jury to consider a risk arising from appellant's mode of conducting its business which was well known to appellee. In view of the unchallenged evidence that such orders as were given by the foreman were never given without warning to those between the cars, we cannot see that .appellant was injured by it. If it had been shown that it was the custom for the

foreman to order employes to go between cars to couple them, and then give orders to move the cars without warning, it might be held that appellee had assumed the risk resulting from appellant's recklessness in the matter; but no such testimony was introduced, and consequently no harm could have resulted to appellant from the charge, if it should be deemed erroneous. It becomes unnecessary to pass on the correctness of the charge as an abstract proposition of law.

The fourth and fifth assignments present error in the admission of proof that it was not the custom to order switchmen to make a coupling, and then order the cars between which the coupling is being made to be struck without notifying the switchman. Appellant alleged that the injury was caused through contributory negligence on the part of appellee, and, in order to meet this charge, it was permissible to show the custom in regard to making such couplings. If it had been customary to do what was done when appellant was hurt, it might have been one of the risks assumed by appellee, as is argued by appellant in support of the first assignment of error, and he would not have been entitled to recover. Wood's Law of Master and Servant, p. 793; Kroy v. Railway, 32 Iowa, 457. On the other hand, if it was not customary to give orders to couple cars, and then without notice drive them together, it was proper to prove it in order to show that appellee was not injured through his own negligence.

The eighth paragraph of the charge is as follows: "Bearing in mind the foregoing instructions, if you believe from the evidence that the plaintiff, J. A. Crane, was in the employment of the defendant, the Missouri, Kansas & Texas Railway Company of Texas, in the capacity of a switchman, and that while he was discharging the duties of his employment he was under the orders, direction, and control of one John Ronan, who was also in the employment of the defendant, and was at the time foreman of the switch crew then at work in defendant's yard at Denison, Texas; and if you believe further from the evidence that, under the directions of the said John Ronan, the plaintiff had uncoupled a caboose car from a certain freight train in said yard, and was proceeding to couple said caboose to a freight car standing on a side track in said yard; and if you believe further from the evidence that, while the plaintiff was so engaged in coupling said caboose to said freight car, the said freight train, under the directions of the said Ronan, was moved swiftly and with great force back and against said caboose, and thereby caused an injury to plaintiff; and if you believe further from the evidence that, in so directing and causing said freight train to be so moved back and against said caboose, the said John Ronan failed to exercise ordinary care for the safety of plaintiff; and if you believe further from the evidence that plaintiff was exercising ordinary care for his own safety,—you will find for plaintiff. The burden of proof is upon the plaintiff to establish by the preponderance of the evidence all the facts set forth in this paragraph, before he would be entitled to recover. Otherwise you should find for the defendant."

This charge is attacked on the ground that appellant is held liable for injuries inflicted upon appellee, regardless of whether the fore-man knew, or ought by the exercise of ordinary care to have antici-pated, the dangerous position occupied by appellee. This criticism can-not be maintained. It was shown that the foreman had ordered appellee to the place he occupied when injured, and consequently knew that he was there, and the charge placed the liability of appellant upon proof that appellee, in obedience to the orders of this superior, was engaged in coupling two cars, and was injured by the same superior officer, without the exercise of ordinary care, ordering other cars to be thrown against the cars being coupled. We are of the opinion that the charge correctly presented the issues. The proof shows that appellee was ordered into his dangerous position by the foreman, and that he must have known he was there when he gave the second order. The finding of the fact that he ordered appellee to do the coupling, carried with it the further fact that he knew appellee was doing it, and the liability of appellant is made to hinge on the failure of the foreman to exercise ordinary care, and no contributory negligence on the part of appellee.

It is emphasized in the charge that appellee could not recover without proof of a lack of ordinary care for the safety of appellee on the part of the foreman, and a lack of ordinary care on the part of appellee for his own safety. There was not a particle of evidence that appellee was guilty of contributory negligence, but it was clearly shown that, in obe-dience to orders, he was performing his duty. Upon the hypothesis that the coupling was being done by order of the foreman, there is not a cir-cumstance that would tend to show that the foreman did not know appel-lee was between the cars; but, on the other hand, he must have known it, because he had sent him there. It was not, therefore, error to refuse the special instructions asked by appellant.

Appellee had charged negligence in appellant in not having the draw-heads properly constructed, and evidence on that subject was introduced without objection. Appellant complains that a requested charge in-structing the jury not to consider the testimony was not given. This complaint is not meritorious. The liability for damages was placed on the negligence of the foreman by the charge of the court, and it was not necessary to give the requested charge.

The testimony of J. L. Curry as to the duties of appellee as longfielder was properly admitted, as it tended to show that appellee had obeyed an order given in the usual course of his duties, and that the order was not one about which he should have exercised his discretion as to obeying.

The language of the order to appellee was that used in a particular line of business, and not ordinarily understood, and it was permissible to allow expert witnesses to explain its meaning to the jury. Rogers on Expert Testimony, p. 273. The authorities cited by appellant are not applicable.

The whole argument of appellant is based on the assumption that ap-pellee assumed the risk of having the cars jammed together while he was

between them.   All of the authorities cited have reference to that kind
of case.   The argument and authorities, with a proper state of facts,
would be convincing, but this case does not present the state of facts.
There was not a circumstance shown that could have tended to place
appellee on his guard.   No man could or would have anticipated that
his foreman would order him between cars, and without warning drive
them together.   It was not a risk incidental to the business in which
he was engaged.   It was negligence, pure and simple, on the part of the
foreman, which nothing less than prophetic foreknowledge could have
anticipated and guarded against.

There is no complaint about the amount of the verdict.

We are of the opinion that the judgment should be affirmed.

*Affirmed.*