## STERRITT V. ROBINSON, Executor.

1. **Jurisdiction: DISTRICT COURT.** The District Court is a court of general original jurisdiction which can be taken away only by express words or irresistible implication. Words which are merely negative, will not oust its jurisdiction.

2. —— ACTIONS AGAINST EXECUTORS. Section 2395 of the Revision of 1860, does not make the jurisdiction of the District Court, in actions against executors, depend upon the consent of the County Court. It is simply an inhibition upon the claimant and not a curtailment of the jurisdiction of the court.

3. —— PRACTICE. It is not essential to the validity of an order of the county judge permitting an action upon a money demand against an executor, in the District Court, that it is made upon petition and notice to the executor.

*Appeal from Des Moines District Court.*

THURSDAY, OCTOBER 6.

THE plaintiff's action was brought in the District Court, against the defendant, as executor of the estate of A. S. Robinson, deceased, upon a promissory note made by the said A. S. Robinson and one James Robinson. The defendant as such executor accepted service of the original notice, and judgment was entered by default, at the October Term, 1862, but corrected at the April Term, 1863, at plaintiff's instance, so as to make it a judgment *de bonis testatoris.* At that time the defendant, who before this had made no objection to the proceeding or judgment, filed his petition to set aside the judgment, based mainly upon the ground that the District Court had no jurisdiction.

Affidavits and counter affidavits were read upon the question, whether the defendant did or did not consent to the institution of the action in the District Court.

The petition to set aside the judgment being overruled and the proper exceptions taken, the defendant appeals.

*J. C. & B. J. Hall* for appellant.

*Joshua Tracy* for appellee.

DILLON, J. — We give to the appellant the benefit of any doubt as to whether this appeal was taken in time, and as to whether we have all of the evidence before us upon which the District Court acted in deciding the application to set aside the judgment, and proceed at once to the main question, which the record presents. It will be seen by reference to the statement that the petition was based upon a promissory note, and sought the enforcement of no lien. It falls within the provision of § 2395 of the Revision : " Claims for a mere money demand, where no lien is to be enforced, shall not, except with the approbation of the County Court, be prosecuted originally in the District Court." Prior to the institution of this suit the county judge of the proper county, indorsed upon the plaintiff's petition filed in the District Court the following :

*1. JURISDIC- TION : Dis- trict Court.*

"I hereby authorize the plaintiff in this suit to prosecute this cause in the District Court of this county.

H. C. OHRT,

*County Judge, Des Moines Co., Iowa.*

The appellant's argument may be briefly stated thus : The District Court in this case had no *jurisdiction* of the *subject matter* of the action, unless by the prior consent of the County *Court*, not County *Judge;* the County *Court* never gave such consent, and therefore the action of the District Court in entertaining the cause and in rendering judgment, was *coram non judice*, and void, and it ought consequently to have been set aside. The jurisdiction of the District Court, which is a superior court of general original jurisdiction (Const., art. 5th, § 6; Rev., § 2663), can only be taken away by express words or irresistible implication. No mere negative words will oust the juris-

diction of the superior tribunal. Thus even a statute that *no other court shall intermeddle* was held not to deprive the King's Bench of jurisdiction, the court (*Rex* v. *Moreley*, 2 Burr., 1040,) remarking : "The jurisdiction of this court is not taken away, unless there be express words to take it away." (See also *Ex parte Heath*, 3 Hill, N. Y., 42, and cases cited, page 52 ; *Hummer* v. *Hummer*, 3 G. Greene, 42 ; *Wright* v. *Marsh, Lee & Delavan*, 4 Id., 94.) And the District Courts of Iowa have been declared (*Davis County* v. *Horn*, 4 G. Greene, 94,) to be invested "with all the attributes of common law tribunals to the same extent as the King's Bench, Common Pleas and Exchequer Courts of Westminster." Keeping these rules in mind it seems clear, especially in view of other and later provisions of the statute (see Revision, § 2764), giving the right to proceed in District Court against survivors and representatives jointly, or either or all separately, that § 2395, above quoted, was not intended to take away, properly speaking, the *jurisdiction* of the District Court or to make its *jurisdiction* (in the sense in which this word is used in appellant's argument,) dependent upon the consent of the inferior tribunal. Indeed, the section itself implies that the District Court has jurisdiction, and because it has such jurisdiction the inhibition contained in the section is provided. This inhibition is in the nature of a restraint upon the plaintiff, not a curtailment of the jurisdiction of the court. The object of this section is obvious. The County Court is specially charged with the settlement of estates. It is ordinarily better for the parties that mere money demands shall be passed upon in that court. It is usually more expeditious and less expensive. If there compelled to be filed, that court has a better knowledge of the condition of the estate, than it could have if each creditor could elect in what court he would prosecute his claim.

But the County Court may consent that the action, though

for a mere money demand, may be prosecuted originally in the District Court.

It is argued that this consent can only be given upon a petition for that purpose, duly filed, and with notice to the executor. Such has not been the practice, and while it is the better course, we see nothing in the statute imperatively requiring it. In our opinion, the provision has, in the case at bar, been substantially complied with. The County Court, for such matter, "is considered in law as always open," consists of but one judge, and that officer as judge of the *court*, (for so his indorsement ought to be construed, having reference to its subject matter and object) gives the requisite consent. *Lee County* v. *Nelson*, 4 G. Greene, 348. We conclude, then, first, that the judgment would not have been *void* for want of jurisdiction, if the County Court had never consented; and, second, that if such consent were necessary to invest the District Court with jurisdiction, it was given by the order indorsed on the plaintiff's petition.

Affirmed.

*3. —— Prac-tice.*