Goodrich v. Conrad.

GOODRICH v. CONRAD.

1. **Evidence**: CLAIMS AGAINST AN ESTATE. The approbation of the county judge, which is necessary, under section 2395 of the Revision, to enable the District Court to entertain original jurisdiction in certain claims against estates, cannot be proven by the certificate of the county judge, where he has omitted to enter such approbation of record. The omitted fact might, it seems, be established by a *nunc pro tunc* record thereof, properly authenticated. The same rules apply to the manner of proving that a claim was in fact sworn to when filed, but of which no entry was made.

2. **Executor and administrator**: FILING OF CLAIMS: STATUTE OF LIMITATIONS. A claim against an estate, *filed* within six months from notice of administrator's appointment, belongs to claims of the third class, and is not affected by the limitation relating to claims of the fourth class, as prescribed by section 2405 of the Revision, and may be established after the expiration of eighteen months.

3. —— FAILURE TO SWEAR TO CLAIM WHEN FILED. If a claim be filed within the time prescribed, the filing will not be rendered void by the fact that it was not sworn to when thus filed. The oath can be administered after the filing. Section 2391 of the Revision, being *directory*, is thus sufficiently complied with.

*Appeal from Grundy District Court.*

MONDAY, APRIL 13.

ACTION at law, upon a promissory note, against defendant as administrator of the estate of Isaac H. Wiley, deceased. The petition, in addition to other proper averments, alleges that said note sued upon was filed in the County Court, within six months from the date of giving of notice by the executor, of his appointment, and that the suit is prosecuted with the permission of the County Court. These, as well as all other material averments, are denied in defendant's answer. The cause was tried by the court without a jury. From the bill of exceptions, it appears the following evidence was admitted by the court at the trial:

1. The record of the County Court, in these words: "Now, on the 30th day of January, A. D. 1866, comes William Goodrich, and files in my office his claim against the said estate of I. H. Wiley, deceased, being a promissory note as follows:

"$100.                    Filed in my office January 30, 1866.

"Eight months after date I promise to pay to William Goodrich or bearer, one hundred dollars at      per cent interest per annum, value received.

"JOHN M. VANNESS,
"I. H. WILEY."

Indorsed upon the face of the record of the note, were these words: "Returned to William Goodrich, March 10, 1867." This is the only record in the County Court, pertaining to said claim.

2. Plaintiff then offered in evidence the certificate of the county judge, dated upon the day of trial, stating in substance, that said note was duly filed in his office, and sworn to by William Goodrich, as a claim against the estate of I. H. Wiley, on the 30th of January, 1866; and that, on the 15th day of July, 1867, plaintiff obtained permission of the County Court, to prosecute said claim in the District Court. Defendant, at the time, objected to the introduction of the certificate as evidence, on the ground that it was not competent evidence to prove the facts above stated. The objection was overruled, and the certificate admitted in evidence, defendant excepting thereto. It was shown by proper record of the County Court, that the administrator had a final settlement on the 6th day of March, 1867, with the condition approved by the County Court, that the administrator should assume, and defend the estate from all liability on account of said note. These are all the facts necessary to

be considered in passing upon the assignment of errors. Judgment for plaintiff. Defendant appeals.

*Withrow & Wright* and *Boardman & Brown* for the appellant.

*C. C. Nourse* for the appellee.

BECK, J. — I. The certificate was not competent evidence to prove the facts therein stated. Matters of record

1. EVIDENCE: claims against an estate.

are proven by properly authenticated transcripts, by copies verified by the oath of competent witnesses, or by the production and identification of the record itself. The certificate of the custodian of the record, stating its contents, is not admissible in proof thereof; neither would such certificate be received as evidence of the contents of a lost or destroyed record, and the same reason for the rule in these cases will not admit proof of facts, which are required to be of record, but which have been omitted, by the certificate of the officer required to keep such record. In order to enable the District Court to entertain jurisdiction of the case, if objected to *in limine*, it was necessary to prove that it was prosecuted with the approbation of the County Court.

We are not prepared to hold that such approbation, expressed in any other way than by record, would be insufficient, though, doubtless, the better practice is to enter upon the record matters of this kind.

The same remark is applicable to the manner of proving that the claim was sworn to when filed in the County Court. A preferable way, however, to have supplied the evidence, would have been a *nunc pro tunc* record thereof, which, properly authenticated, would have established the contested facts. We are of the opinion that

the certificate of the county judge was improperly admit ted in evidence.

II. The cause of action was not barred by section 2405 of the Revision. The claim is of the third class, having been filed January 30, 1866, and the notice, referred to in this section, given November 15, 1865. The bar, therefore, does not apply, and the claim may be proven after the expiration of eighteen months from the date of filing. *Noble* v. *Morrey*, 19 Iowa, 510.

2. EXECUTOR AND ADMINIS-TRATOR: filing of claims: statute of limitations.

But it is insisted that the claim was not properly filed, because it was not sworn to. As a matter of fact it was filed, and the omission of the oath required by section 2391, did not render the filing void. The oath can be administered after the filing; the provision in regard thereto, being directory, will be thus sufficiently complied with.

3. —— failure to swear to claim when filed.

Because of the error in admitting the certificate of the county judge in evidence, the cause is

Reversed.