McCRARY v. DEMING ET AL.

1. **Deed**: WARRANTY: FAILURE OF TITLE. R. purchased land of D. upon which there were prior incumbrances, and received therefor a warranty deed. As a part of the consideration he executed a mortgage by which he undertook to pay a part of the existing incumbrances; D. remaining liable for the remainder. *Held:* that, upon the eviction of R. under a foreclosure of the mortgage which D. undertook to pay, D. would not be relieved of liability upon his covenant of warranty.

2. ———: ———: ———. While D. would not be liable for the incumbrances assumed by R., yet the failure of R. to meet his obligations would not relieve D. from the consequences of his own breach of covenant.

3. ———: ———: SET OFF. In an action against D. for breach of covenant of warranty, the amount due on the mortgage executed by R. to secure prior incumbrances cannot be made the subject of an equitable set off.

4. **Practice**: ADMINISTRATOR: ACTION. The filing of a petition in the Circuit Court, not verified within the time required by law, is a sufficient compliance with Acts 13th General Assembly, Chap. 158, sections 19 and 20.

5. ———: ———: FORUM. An action against an administrator, properly commenced in the Circuit Court, may, by consent, be transferred to the District Court.

6. **Evidence**: DEPOSITION, A judgment will not be reversed because a deposition, which was incompetent and irregularly taken, was read upon the trial, if the verdict was sustained by competent evidence.

*Appeal from Pottawattamie District Court.*

MONDAY, JUNE 15.

ACTION at law upon the covenants of a deed warranting against incumbrances. The breach alleged is eviction under a foreclosure and sale of the premises upon two mortgages resting on the property when the deed was executed. There was a trial to a jury, and a verdict and judgment for plaintiff. Defendants appeal. The facts of the case appear in the opinion.

*Clinton, Hart & Brewer*, for appellants.

*Baldwin, Wright & Rising* and *McCrary, Miller & McCrary*, for appellees.

BECK, J.—I. On the 9th day of January, 1857, Anson L. Deming, defendant's intestate, conveyed by deed containing covenants of warranty against incumbrances, to Robert F. Robb, plaintiff's intestate, three separate parcels of land in the city of Keokuk, being parts of three different lots. The consideration expressed in the deed is $8,571.42. At the time there were two unsatisfied mortgages upon the property, the first executed by Triplett, under whom Deming claimed title, to Parsons and Love, to secure Parsons in the sum of $5,500, payable in ten annual instalments, and Love in the sum of $2,250, to be paid in a like manner—all the sums to draw ten per centum per annum interest. This covered, in addition to the property conveyed in the deed to Robb, the part of one of the lots not included therein. The other mortgage was executed by Deming to Crane upon one of the parcels of land conveyed by the deed, upon which suit is brought, to secure $6,000, the purchase money therefor.

No part of the purchase money was paid by Robb to Deming at the time the deed was executed, but the purchaser executed a mortgage upon the premises to secure certain promissory notes given therefor. About $5,000 secured by this mortgage were in notes of other parties which seem to have been transferred to Deming upon the purchase of, and in payment for, the property. This mortgage bears the same date with the deed sued on. On the same day Robb executed another mortgage on the same property, which, however, was not acknowledged until the 27th day of February following, to secure $2,700 to be paid to Parsons and Love, and $871.42 to be paid to Crane, to be applied in payment of the mortgages executed by Triplett and Deming to these parties respectively. The sum secured by this mortgage is the same as the amount called for by Robb's own notes described in the other mortgage, which, together with the notes of the other persons transferred to Deming, and mentioned in the first mortgage, make up the amount of the consideration for the property expressed in the deed. On the 20th day of January, 1857, Deming executed to Robb his bond in the penal sum of $10,-000, obligating himself to pay off and discharge the incum-

brances upon the property existing at the time of the conveyance on the 9th day of the same month.

The notes of other parties secured by the first mortgage, and transferred by Robb to Deming, in payment for the property, were duly paid. Robb made no other payment upon the property, and Deming failing to pay the existing mortgages, they were foreclosed, and by sufficient proceedings and deeds, Robb was divested of the title to the property.

Counsel for defendants maintain that Robb became bound to pay a part of the amount for which the property was encum-

1. DE D: warranty: failure of. bered, that he, in fact, became, as to such a sum, the principal debtor and by failing to make payment, eviction resulted therefrom; being in default himself, he cannot recover of Deming. We do not concur in this conclusion.

It may be admitted that the subsequent assumption, by Robb, of a part of the incumbrance debts did release Deming, upon his warranty, from liability on account of the non-payment of such part; that is, Deming would not be liable upon his deed if he had paid all the debts secured by the mortgages except what was assumed by Robb. But it will not be pretended that he was relieved of liability as to that part of the debts not assumed by Robb; his warranty bound him to protect Robb against the debts, to that extent. His covenant of warranty is absolute, and independent of the agreement of Robb, to pay a part of the debts. He is bound thereby to answer to Robb in damages, if he fail to pay the mortgages so far as he was not released. He did fail and the mortgages were foreclosed for the very sum he is bound by his covenant, to discharge. Here is a breach of his covenant, and the law fixes the damages for which he is liable. But it is insisted Robb also made default, and he thus contributed to his own eviction from the premises. Let this be admitted. But Deming's covenant of warranty is not dependent upon Robb's undertaking to pay a part of the debt. It is absolute, and having been broken, liablity accrues thereby. Deming's obligation created by the covenant is as though it had been expressed in these words: "I undertake to pay the mortgages,

except so far as their payment is assumed by Robb, and if I fail and he is evicted because of my failure, will respond to him in damages prescribed by the law." The mortgages were foreclosed, and the land sold to discharge the very debt which Deming undertook to pay. He cannot be relieved of liability for the breach of his covenant, on the ground that the foreclosures were also for a part of the debts of which he had been discharged. His liability rests upon the breach of his own covenant; it cannot be defeated on the ground that Robb failed to perform his undertaking. *Bream v. Marsh*, 4 Leigh. 21; *Taylor v. Witherspoon*, 23 Texas, 642; *Day v. Essex B'k*, 13 Vt., 97; *Babcock v. Wilson*, 17 Me., 372. *Hill v. Bishop*, 2 Ala., 320.

In order to give counsel's position any force, it ought to be certainly known that if Robb had paid the part of the incumbrance debts assumed by him, Deming would have paid the balance, and thereby preserved the property from the liens. But of this there is no proof, and no presumption can be indulged. Unless Deming had paid such sum, Robb's payment would have been in vain. He would have lost the property and had, in place of his outlays in paying the consideration, a claim against Deming upon his covenants. The facts of the case justify the rule we adopt. Deming, if not insolvent, is shown by the evidence to have been seriously embarrassed and unable to meet his obligations. It would be a great hardship to require Robb to pay part of the incumbrance debts covered by Deming's covenant, in order to give him a right of action for what he had already paid, when it would but swell his claim for consideration money paid for the land for which he would be permitted to recover judgment against an insolvent or embarrassed man.

The court recognized the doctrines here announced in giving and refusing instructions to the jury, which is made the ground of the first objection to the judgment urged by defendants. We think the jury were properly directed.

II. After answer, the defendants by proper motion asked the cause to be transferred to the chancery docket on the ground that an equitable issue arose upon the pleadings.

One count of the answer claims, as a set off to plaintiff's demand, the amount due on the mortgage executed by Robb **3. ——: ——.** which was to be paid to the prior incumbrancers. set off. It is insisted that in equity this is a proper defense and the set off would, under doctrines prevailing in that forum, be allowed. But it is very plain that neither at law nor in equity will such a set off be permitted.

The obligation of Robb as expressed in the mortgage was for the payment of the purchase money of the lots conveyed by the deed which is the foundation of this action. Had he paid the sum secured by the mortgage, Deming would have been liable therefor upon his covenant of warranty. Whatever sum may have been paid by Robb would have increased his claim for damages in this action. In other words, to the extent Deming receives the consideration for the lots he is liable. Whatever Robb in any form pays, he may recover back. If Robb's mortgage is enforced against him, either at law or in equity, he has a claim against Deming for the amount recovered on the mortgage, for it will be so much of the consideration for the lots conveyed by Deming's warranty deed. Robb's claim thefor cannot be satisfied by setting off Deming's claim, for by the act an additional sum of the consideration money will be paid for which Deming becomes liable. The process of setting off the one claim against the other would simply render Deming liable anew for the sum so realized by him.

III. This action was commenced in the Circuit Court by petition not verified by oath, and by consent of parties was **4. PRACTICE:** transferred to the District Court. 1. Appellants administrator: action. insist that the suit cannot be prosecuted because the claim was not first filed in the court of Probate, (Circuit Court) and duly sworn to. But the filing of the petition within the time prescribed by law in the Circuit Court, is a compliance with the statute requiring the claim to be clearly stated and filed. Acts 13th General Assembly, Chap. 158, §§ 19, 20. The omission of the oath did not render the filing void. *Goodrich v. Conrad*, 24 Iowa, 254; *Wile v. Wright*, 32 Iowa, 451. 2. It is claimed that the Circuit Court has exclusive jurisdiction of the cause. This position is not sound. The District

McCrary v. Deming

Court is not deprived of jurisdiction in cases of this kind by
the statutes relied upon by appellants, namely,
Acts 12th General Assembly, Chap. 86, § 3, and
Acts 13th General Assembly, Chap. 158, §§ 19, 20. The
cause having been transferred to the District Court by consent,
that court acquired jurisdiction of the parties, and the subject
matter of the action. See *Sterritt v. Robinson*, 17 Iowa, 61;
*Cooley v. Smith*, Id., 99.

IV. A deposition of a witness for plaintiff was read at the
trial, against objections, based upon the grounds of irregularity
in taking it; incompetency of certain parts of the evidence,
and that it contained merely cumulative proof, etc. Without
passing upon the various questions thus presented we are of
the opinion that, conceding the objections to be
well taken, defendants were not prejudiced by the
rulings of the court complained of, as there was sufficient evi-
dence without the deposition to authorize the verdict for plain-
tiff. If plaintiff were entitled to recover upon legal evidence
before the court, which sufficiently supports his case, we will
not disturb the judgment because of evidence improperly admit-
ted. *Greither v. Alexander*, 15 Iowa, 473; *Ticonic Bank v.
Harvey*, 16 Iowa, 141.

V. The bond executed by Deming to Robb, was admitted
in evidence over the objections of defendants on the ground of
incompetency, irrelevancy, etc. Complaint is made of the rul-
ing. The objection may be disposed of in the same manner
as the one just noticed. There was sufficient competent evi-
dence, without the bond, to entitle plaintiff to recover; its admis-
sion was error without prejudice.

We have considered all the points made and discussed in the
brief of defendant's counsel, and find no error that demands
the reversal of the judgment of the District Court.

AFFIRMED.