## MERRILL V. BEAVER.

1. **Promissory Note:** CONSIDERATION: CORPORATION. Where the consideration for a promissory note was expressed in the note to be the stock of a railway corporation, and the directors of the corporation subsequently made an illegal and unauthorized increase in the stock of the company, it was *held* that such illegal increase would constitute a defense to an action upon the note. Following *Merrill v. Gamble*, 615, *ante*.

*Appeal from Marion Circuit Court.*

FRIDAY, OCTOBER 5.

*D. F. Miller, J. D. Gamble* and *John F. Lacey*, for appellant.

*Stone & Ayres* and *T. J. Anderson*, for appellee.

ROTHROCK, J.—I. The petition, answers and amendments to the answer in this case contain the same averments and raise the same issues as the pleadings in the case of *Merrill v. Gamble*, p. 615, *ante*. In that case a demurrer was interposed to the answer as amended, and we held the demurrer well taken, excepting as to the amendment which alleged an illegal increase of the capital stock of the railroad company.

In this case the plaintiff did not demur to the answer and amendments thereto, but filed a reply, in which it was averred that, by the terms of its charter, the Albia, Knoxville and Des Moines Railroad Company was authorized and empowered to increase its capital stock in the manner provided by its articles of incorporation, either by a vote of the stockholders or the unanimous consent of its board of directors.

The abstract recites the following:

"A jury having been empaneled and sworn, the defendant introduced evidence tending to support each and every one of the allegations of his answer and amendments thereto.

"And the defendant further offered to introduce further evidence tending to support the allegations of each count of his answer and amendments thereto. To the introduction

of said evidence plaintiff objected for the reason that the said answer and amendments thereto did not, if proven, constitute any defense to plaintiff's cause of action; which objections were all and each of them sustained by the court at the time made, and defendant at the time of the ruling of the court excepted to each and every ruling thereof."

Counsel for appellee, in their argument, insist that these recitals in the abstract are incorrect. To this it is correctly replied by counsel for appellant that the cause was finally submitted in this court upon appellant's abstract, and that all questions of difference between counsel as to the correctness of the record must be presented by amended or additional abstracts, and cannot be presented in argument alone.

The abstract further shows that certain record and documentary evidence was offered by the defendant, including the articles of incorporation of the railroad company, and an amendment thereto made by the unanimous consent of the whole board of directors increasing the capital stock to two million one hundred and ninety-five thousand dollars; and also each and every exhibit referred to and copied in the answer and amendments thereto.

Plaintiff objected to each and every one of said records and documents, excepting as to exhibits, for the reason that the same were irrelevant, immaterial and incompetent. The objections were sustained and the evidence excluded.

We are unable to determine from the abstract of the answer and amendments what were exhibits incorporated therein or attached thereto. This, however, is not a material consideration, in view of the recital that evidence was introduced by defendant tending to support each and every one of the allegations of his answer and amendments thereof. If this be true, the defendant introduced evidence tending to prove that the increase of the capital stock was unauthorized.

The court instructed the jury as follows: "The execution of the note in suit being admitted, and it also being admitted 1. PROMIS- that all the conditions mentioned in the note have SORY note: considera- been complied with, it is your duty under the evi- tion. corpor- tion. dence to return a verdict for the plaintiff for the

amount of the notes, which will include interest at ten per cent from the 12th day of November, 1875, to the present time, and this computation of interest you will make yourselves."

In view of the evidence, this instruction was erroneous. It was in effect holding that although there was evidence tending to prove that after defendant gave his note there was a large amount of unauthorized and illegal stock issued, of which the plaintiff had notice, and that the illegal and valid stock could not be distinguished, yet this was no defense to the action. We have held in *Merrill v. Gamble, supra,* that this was a sufficient defense.

II. It may be possible that the articles of incorporation, and the proceedings of the meeting of May 24, 1875, at which the board of directors increased the capital stock, is all the evidence there was introduced upon the question now under consideration. But the record before us does not so show.

In this state of the record, we cannot determine the question as to whether the action of the board of directors was a legal or illegal change of the articles of incorporation.

REVERSED.