## Moore v. McKinley et al., Ex'rs, et al.

1. **Statute of Limitations:** ACTION ON DEPUTY CLERK'S BOND: NEGLI-GENCE IN APPROVING STAY BOND.   A cause of action does not accrue against the clerk of the court for negligence in approving a stay bond, until the expiration of the stay.  *Steel v. Bryant*, 49 Iowa, 116.  It follows, hence, that an action does not sooner accrue to the clerk upon the bond of his deputy for like negligence; and since, in this case, the stay did not expire until within three years prior to the commencement of this action, the cause of action was not barred by the statute of limitations.

2. **Bond of Deputy Clerk:** NAME OF BONDSMAN IN BODY OF BOND. Where a bond recites "we                      are held and firmly bound," and is signed by a party whose name does not appear in the body of the bond, it is sufficient to bind such party.

3. **Practice:** ACTION ON JOINT BOND: ONE OBLIGEE DEAD: PARTIES: JURISDICTION.   When a claim arises out of a joint contract, and one of the joint contractors is dead, an action may be brought against the survivor, and there may be joined with him as defendants the representatives of the deceased.  Code, § 2550.  And the filing of the petition in such case in the Circuit Court of the county where the administration of the estate of the deceased is pending, within the time prescribed by law, is a sufficient filing of the claim against the estate.  Following *McCrary v. Denning*, 38 Iowa, 527.

4. **Bond of Deputy Clerk:** APPROVAL BY SUPERVISORS.  It is not necessary to the validity of the bond of a deputy clerk, that it be approved by the board of supervisors.

5. **Stay Bond:** APPROVAL OF BY DEPUTY CLERK: ABSENCE OR DISABILITY OF CLERK.  A deputy clerk may approve a stay bond, although the clerk may be present and able to do so; and for negligence in so doing he will be liable to the clerk.

6. ———: ———: DUTY OF DEPUTY.  In such case, it is the duty of the deputy to make due inquiry as to the solvency of the surety at the time, and he cannot avoid such liability by the fact that the clerk had, on former occasions, accepted the same person as a surety upon similar bonds.

7. **Judgment:** EVIDENCE OF: RECORD AND DOCKET.  The judgment record is the best evidence of a judgment.  The abstract entered in the judgment docket is only secondary evidence thereof; but, when introduced without objection, it becomes in effect primary evidence, and the party whose right it was to object cannot afterwards be heard to complain that there was no proper evidence of the rendition of the judgment.

*Appeal from Mahaska Circuit Court.*

TUESDAY, JANUARY 16.

ACTION UPON A BOND. The plaintiff at the time of the acts complained of was the clerk of the District and Circuit Courts of Mahaska county, and the defendant, D. H. Le Suer, was his deputy, and one Rhinehart was surety upon Le Suer's bond. Rhinehart has since died testate, and the defendants, John M. McKinley and J. W. Smith, are executors of his will. The plaintiff alleges that La Suer acting as deputy clerk approved a stay bond, whereby execution was stayed upon a judgment obtained by one Sellew against one Henry Myers & Co.; that in approving the stay bond, La Suer accepted, as surety thereon, one Henry Stafford, who was at the time and has since remained insolvent; that Henry Myers & Co. were good at the time the stay bond was approved, but became insolvent before the stay expired and have remained so, and the judgment stayed has become uncollectible; that La Suer was guilty of negligence in the approval of the bond, and, by reason of such negligence, Sellew obtained judgment against this plaintiff for the amount of the judgment stayed, and interest, and that judgment, with costs, the plaintiff has paid. The defendants pleaded a general denial and several other defenses. There was a trial without a jury, and judgment was rendered for the plaintiff. The defendants, McKinley and Smith, appeal.

*Williams & McMillen* and *John F. Lacy*, for appellants.

*M. E. Cutts*, for appellees.

ADAMS, J.—I. The appellants pleaded among other things the statute of limitations. They insist that the evidence

1. STATUTE of limitations: action on deputy clerk's bond: negligence in approving stay bond.

shows that the cause of action, if any, accrued more than three years prior to the commencement of the action, and is therefore barred. Whether a cause of action accrued to the plaintiff before he paid Sellew, we need not determine. It

is certain that a cause of action did not accrue to him until a cause of action accrued against him, and if a cause of action did not accrue against him until within three years prior to the commencement of this action, then the cause of action accruing to him is not barred. In *Steel & Johnson v. Bryant et al.*, 49 Iowa, 116, a question arose as to when a cause of action accrued against a clerk of a court for accepting an insufficient stay bond, and it was held that it accrued at the expiration of the stay. The appellants insist that, while it may be true that in that case the court could not properly have held that it accrued sooner, a cause of action in fact accrues when the judgment debtor becomes insolvent, and that the decision in *Steel & Johnson v. Bryant* can be sustained only upon the ground that it was not shown when the judgment debtor became insolvent. In the case at bar it is shown when the judgment debtor became insolvent, and it is shown that it was more than three years prior to the commencement of the action. But we think the case of *Steel & Johnson v. Bryant* is decisive of the point in question in the case at bar. This is indicated very clearly by the reasoning upon which the decision is based. Mr. Justice SEEVERS, in the opinion, said: "As no right of action against the surety existed until the expiration of one year, we think that none accrued against the clerk for negligence in accepting the bond until that time." That this reasoning is correct, appears from the fact that it was not certain until the expiration of the stay that the judgment would not be paid at the expiration. The judgment debtor, though having become insolvent during the stay, might be solvent at the expiration, and, though remaining insolvent, he or his surety might pay the judgment.

Having determined that no cause of action accrues against the clerk until the expiration of the stay, and that no cause of action accrues to the clerk sooner than a cause of action accrues against him, there remains only to be said on this point that the evidence shows that the stay did not expire

until within three years prior to the commencement of the action, and it follows that the cause of action is not barred.

II. The appellants insist that the bond is not sufficient in form to bind their testate, Rhinehart. The point made is that his name does not appear in the body of the bond. But there is something more than Rhinehart's signature to indicate that he intended to bind himself. The bond is drawn in the plural and recites that "we · * * · * * * are held and firmly bound." This, to our mind, is sufficient.

*2. BOND of deputy clerk: name of bondsman in body of bond.*

III. The appellants contend that they are not liable to the action, because, as against them as executors, the plaintiff at best has a mere claim which, if duly sworn to and filed, would be subject to be allowed as a claim against the estate and dealt with accordingly, and cannot properly be put in judgment.

*3. PRACTICE: action on joint bond: one obligee dead: parties: jurisdiction.*

It cannot be denied that the plaintiff's claim is a claim against the estate. It may be that the plaintiff could have proceeded simply under section 2408 of the Code. But the plaintiff's claim grows out of a contract in which the defendants' testate became jointly liable with another, and when a claim arises out of a joint contract, and one of the contractors is dead, an action may be brought against the survivor, and there may be joined with him as defendant the representatives of the deceased. Code, § 2550. This action is brought against La Suer as well as appellants. Possibly the petition should properly be sworn to, but failure to swear to a claim against an estate is not fatal to it. *Goodrich v. Conrad*, 24 Iowa, 254; *Wile v. Wright*, 32 Id., 451. The appellants indeed do not rely upon a want of verification. They insist that the claim was not filed against the estate, and that the filing cannot be dispensed with, even where an action is brought under section 2550 of the Code.

It does not distinctly appear in what court administration is pending, but it seems to be conceded in the appellants' ar-

gument that it is pending in the Circuit Court of Mahaska county, being the same court in which the action was brought. The filing of the petition in that court against the executors is, in our opinion, a sufficient filing of the claim against the estate. In *McCrary v. Deming*, 38 Iowa, 527, BECK, J., said: "Appellants insist that the suit cannot be prosecuted because the claim was not first filed in the court of probate (Circuit Court) and duly sworn to. But the filing of the petition within the time prescribed by law in the Circuit Court is a compliance with the statute requiring the claim to be clearly stated and filed." The appellants' objection as to a want of filing it appears to us is not well taken.

IV. It does not appear that the bond was approved by the board of supervisors. The defendants insist that without such approval the bond is void. Whether the bond should have been approved by the board of supervisors, we need not determine. The want of such approval would not, we think, invalidate the bond. *Sheppard v. Collins*, 12 Iowa, 570; *Garretson v. Reeder*, 23 Id., 21; *Boone County v. Jones*, 54 Id., 699; *Skillinger v. Yerder*, 12 Wend., 306.

4. BOND of deputy clerk: approved by supervisors.

V. The evidence shows that at the time of the approval and acceptance of the bond by Le Suer, the plaintiff was not absent nor laboring under any disability. Section 767 of the Code provides that "in the absence or disability of the principal the deputy shall perform the duties of the principal pertaining to his office." The appellants contend that the alleged approval and acceptance by La Suer was without authority, and, being such, was not an act for which his surety, Rheinhart, was responisible.

5. STAY BOND: approval of by deputy clerk: absence or disability of clerk.

The provision above quoted was designed, we think, rather to devolve upon and make imperative by the deputy clerk the performance of the duties of the clerk, in the absence or disability of the latter, and not to withold from him all power to perform such duties, except in the absence or disability of

his principal. The construction contended for would render his official acts void, except in the absence or disability of his principal. Such, we think, has not been the construction adopted in practice. To adopt it now by a judicial decision would manifestly unsettle many and very important interests. This consideration in a doubtful case may be allowed its influence, as tending to support the construction adopted by us. See *Finn & Co. v. Rose*, 12 Iowa, 565.

VI. It is finally contended that the judgment is not supported by the evidence. It is insisted that the undisputed

6. ——: ——: evidence shows that the insolvent surety, Stafford, duty of deputy. had been accepted by the plaintiff himself upon other stay bonds, and that, too, only a short time before, and when insolvent; that so far as the question of La Suer's responsibility to the plaintiff is concerned, he was justified in allowing himself to be governed by the plaintiff's judgment, and the plaintiff ought not now to be allowed to complain. If the plaintiff at the time of the acceptance in question had expressed to Le Suer his opinion that Stafford was sufficiently responsible, the case might be different. But the most that can be said is, that the the plaintiff expressed an opinion that Stafford was responsible at a time previous to his acceptance by Le Suer. The question for Le Suer to determine was not Stafford's previous condition, but his condition at the time when he was asked to accept him. No previous estimate of it by the plaintiff could justify Le Suer in omitting inquiry at that time. Nor can we attach much importance to the fact that the condition appears at both times to have been essentially the same. The longer a person remains insolvent, the more readily ordinarily can the fact of insolvency be discovered.

As a further ground for holding that the judgment is unsupported by the evidence, it is said that there is no proper

7. JUDGMENT: evidence of the rendition of the alleged judgment evidence of: record and docket. of Sellew against the plaintiff, or of the judgment of Sellew against Henry Myers & Co. The evi-

dence relied upon by the plaintiff consists of the judgment docket, containing such entries as might be expected to be made therein, if the alleged judgment had been rendered.

The question presented is as to whether a judgment docket entry constitutes any evidence of the rendition of the judgment. The defendants insist that it does not; and in support of their position they cite *Case v. Plato*, 54 Iowa, 64. But a careful examination of that case we think will show that it does not go to the extent which the defendants claim. The ruling in that case was that "it is essential to the validity of a judgment that it should be entered in the record book." It was shown affirmatively in that case that the judgment in question had not been entered in the record book. It had been entered only in the judgment docket. But the judgment docket is only an *abstract* of judgments. It presupposes that the judgments have been recorded elsewhere. But where it is shown affirmatively that the original record has no existence, there appears to be nothing from which the abstract could properly be made, and, under such circumstances, the pretended abstract could not of course be regarded as of any weight as evidence. In the case at bar, there is no evidence of the non-existence of the record entry. There is nothing, therefore, tending to impeach the judgment docket. The only question is as to whether it should have any effect as evidence, where it alone is introduced without objection. In answering this question, we have to say that we think that it should. It is a record provided by law; and the general rule is that records so provided are evidence of what they purport to show. It is true that it is only an abstract, and presupposes something of which it is an abstract; but that, we think, should not prevent its being regarded as evidence. The most, we think, that can be said against it is that it is not the best evidence. Evidence which presupposes other evidence is generally denominated secondary. It appears to us that such is essentially the character of the evidence in question. The best or primary evidence of a judgment is, doubtless, the

record entry. But where that is lost or destroyed, it appears to us that the abstract thereof provided by law in the judgment docket is admissible. In the case at bar, no proof was made of the loss or destruction of the record entry. The offer of the judgment docket, therefore, was subject to the objection that the foundation had not been laid for its admission. But such objection was not made. Secondary evidence not objected to becomes in effect primary evidence.

We see no error in the rulings of the court, and the judgment must be

AFFIRMED.