BLANCHARD V. CONGER, ADM'R.

1. **Estates of Decedents:** ALLOWANCE OF CONTINGENT CLAIM: PRESUMPTION. Where a claim was filed against an estate as a contingent claim, and it appeared by the "register of claims in probate" that the claim had been allowed and established by the court as a claim of the third class, in the absence of any other evidence, it must be presumed that it was allowed and established only as a contingent claim; and, upon such showing alone, the court did not err in overruling a motion for its unconditional payment by the administrator.

*Appeal from Adair Circuit Court.*

THURSDAY, JUNE 7.

THE defendant, Conger, is administrator of the estate of Charles Wilshire, deceased. The plaintiff, alleging himself to be the owner of an established claim against the estate, made a motion for an order upon the defendant that he pay it. The defendant resisted the motion, upon the ground that the claim was not established against the estate, and ought not to be. The court overruled the motion, and the plaintiff appeals.

*Fogg, Long & Neal,* for appellant.

*Ben. S. Adams* and *McCaughan, Dabney & McCaughan,* for appellee.

ADAMS, J. The claim was filed as a contingent claim. It arose upon a contract for the payment of the sum of $500 to one Kirkendall, as the purchase money of certain land purchased of him by the defendant's intestate, the money to be payable only when a certain mortgage upon the land should be discharged. The claim was approved by the administrator as a contingent claim, and sufficient money has been retained by him to pay it, after paying all the claims. The mortgage, it appears, has not been discharged, but has

been foreclosed. The motion, then, was properly overruled, unless the claim filed by the defendant and approved by the administrator as a contingent claim was afterward established by the court as an absolute claim. The plaintiff contends that it was so established. For the purpose of proving such fact, he introduced in evidence what was called the register of claims in probate. This register, so called, is not a full record showing an order of allowance signed by the judge. It has the appearance of being a memorandum or abstract, much like a judgment docket. The only provision for probate records appears to be section 202 of the Code. Whether under that section, and the ruling in *Moore v. McKinley et al.*, 60 Iowa, 367, this register, so called, could be deemed to be evidence, we need not determine. The case will turn upon other considerations. While the register shows that the claim was "allowed and established by the court January 19, 1880, as a claim of the third class," it appears to us that we would not be justified in construing the entry as meaning more than that the claim was allowed and established in the same character in which it was filed, viz., as a contingent claim. The motion in question for an order of payment appears, so far as the record before us shows, to have been the first motion or application of any kind made upon the theory that the claim had become absolute. We think that the court did not err in overruling the motion.

Affirmed.