## REA & CO. v. SCULLY.

1. **Judgment : FOREIGN : ACTION ON : EVIDENCE.** In an action upon a foreign judgment, a duly authenticated transcript of the judgment was admitted in evidence, showing that the judgment had been rendered in the foreign court. This was objected to on the ground that it did not show certain facts claimed to be necessary to the valid rendition of the judgment. But *held* that it was *prima-facie* evidence of a valid judgment, and that it was properly admitted, in connection with the testimony of a witness, to the effect that he had presented the transcript to defendant for collection, and that defendant admitted that the claim was correct and unpaid, but that plaintiff had sued him, and obtained judgment against him, and made him costs, and that they would have to wait for their pay till he got ready.

Rea & Co. v. Scully.

2. ——— : ——— : ——— : ——— : ERROR CORRECTED. In such case witnesses were permitted to testify concerning the authority of certain books as to the laws of the foreign state. The books were at first admitted, and extracts read from them, but afterwards excluded, but the testimony of the witnesses was not ruled out. *Held* that, since the books were excluded, the testimony of the witnesses could have worked no prejudice.

3. ——— : ——— : ——— : DISCREPANCIES IN DATES. In such case where plaintiff had introduced in evidence the duly authenticated transcript of the judgment, the same as he had attached to his amended petition, and thus made a *prima-facie* case, and defendant introduced no evidence, the court properly directed a verdict for plaintiff, notwithstanding there were some discrepancies as to dates, relating to the claim on which the judgment was based, between the transcript annexed to the original petition and that attached to the amended one. It was sufficient that there was no evidence that the dates given in the transcript offered in evidence were incorrect.

*Appeal from Keokuk District Court.*—HON. J. K. JOHNSON, Judge.

FILED, DECEMBER 21, 1887.

ACTION on a foreign judgment. From a judgment rendered thereon defendant appeals.

*Sampson & Brown,* for appellant.

*Mackey & Stockman,* for appellees.

ROBINSON, J.—The plaintiffs filed their petition, containing two counts. The first of these was based on an alleged judgment of the court of common pleas No. 2, of Alleghany county, Pa., rendered for the sum of $167.36, besides interest and costs. The second count pleaded an account for merchandise sold, on which it is alleged that the judgment set out in the first count was rendered. After the evidence was submitted, the court instructed the jury to return a verdict in favor of plaintiffs for the amount of the judgment, which was done, and judgment rendered thereon. The second count need not be further considered.

I.   To sustain the issues on their part, the plaintiffs introduced in evidence a transcript of the judgment in controversy, and the deposition of a witness, who testified that he had presented the claim in suit to defendant for collection; that defendant looked at the transcript, and said the claim was correct and unpaid, and that he expected to pay it some time; that he had failed in business, owing a considerable amount, and had been paying as fast as he could, and expected to pay all, but plaintiffs had sued him, and recovered judgment against him, and made costs, and now they should wait until he was ready.   The transcript recites that judgment was rendered in favor of plaintiffs, and against defendant, on the twenty-first day of July, 1883, by an alderman of the city of Pittsburgh; that a transcript of such judgment was filed in the court of common pleas No. 2, in and for the county of Alleghany, commonwealth of Pennsylvania, and that judgment was entered.   A copy of a portion of the judgment docket shows that the judgment in the court of common pleas was rendered on the first day of October, 1884.   No objection is made to the sufficiency of the authentication of the transcript, but it is insisted that the transcript itself does not show that any judgment was rendered against defendant; that it does not set out any record entry of judgment in the court of common pleas; that it is not shown that aldermen have power to render judgments in the state of Pennsylvania; that the laws of that state, in the absence of a showing to the contrary, will be presumed to be the same as those of the state of Iowa; that there is no showing that a transcript from the alderman's docket to the court of common pleas was made, nor that such court was authorized to render a judgment on such a transcript.   It is not objected that the transcript admitted in evidence in this case was not the best evidence.   The copy of the judgment docket of the court of common pleas showed that a judgment had been rendered in that court.   This evidence was competent, in the absence of objection.   *Moore v. McKinley*, 60 Iowa,

<div style="margin-left:2em"><em>1. JUDGMENT: foreign: action on: evidence.</em></div>

372.   The defendant, upon looking at the transcript, had said that plaintiffs had obtained a judgment against him, and that the claim represented by the transcript was correct and unpaid.   The transcript was *prima-facie* evidence that judgment had been rendered by the court of common pleas, as therein recited.   The defendant had admitted that it was correct.   His answer to the count based on the judgment raised no issue, excepting that created by a denial of knowledge or information sufficient to form a belief.   Under these circumstances, it was proper to admit the transcript because of what it contained, and because of the admissions of defendant in regard to it.   *Gay v. Lloyd*, 1 G. Greene, 83.   We find it unnecessary to consider the other objections made to the transcript.

II.   Certain witnesses were permitted to testify as to the authority of a Law Directory and Legal Digest as to the laws of other states.   The books were at first admitted, and extracts therefrom read.   The purpose of this was to show that

2. —— : ——:
—— : ——:
error cor-
rected.

aldermen were authorized to render judgments in the state of Pennsylvania.   After the extracts had been read, the books were excluded.   Appellant complains of the admission of the books, and of the testimony of witnesses in regard to them.   The books, as already stated, were excluded, and the evidence of the witnesses who testified in regard to them, and which was not ruled out, could not have been in any manner prejudicial to defendant.   Therefore the rulings complained of afford no ground for reversing the judgment of the court below.

III.   No evidence was offered on behalf of the defendant.   After the plaintiffs rested, and the evidence was closed, the jury were instructed to return a verdict for plaintiffs for the

3. —— : ——:
—— : discrep-
ancies in
dates.

amount of judgment.   The appellant insists that in this ruling there was error, for the alleged reason that there was such a discrepancy between the transcript attached to the amended petition of plaintiffs, which was offered in evidence, and the one attached to the original petition, as to raise questions which were

for the jury to determine. These discrepancies, so far as our attention has been called to them, consist in the giving of different dates for the commencement of suit and the return-day and date of judgment rendered by the alderman. In the absence of any showing that the dates, as given in the transcript offered in evidence, were incorrect, we think the alleged discrepancies were immaterial. The transcript purported to show a judgment rendered by the court of common pleas. So long as that showing was unquestioned, conflicts in the dates of proceedings before the alderman were immaterial. We discover no error prejudicial to defendant. The judgment of the district court is therefore

AFFIRMED.