SAMUEL CLOUGH v. GEORGE IDE, Administrator, Appellant.

**Former Adjudication: PROBATE COURT:** *Practice.* Where one brings action upon a claim against a decedent in the district court and on the law side he cannot avoid its judgment against his claim. The probate court does not have exclusive jurisdiction of such claims and by the bringing of his action he consented to the jurisdiction of the district court. Neither is the judgment to be avoided because the action was against the administrator instead of the estate under Code of 1873, section 2409. The action on claim was properly entitled against the administrator.

**Claims: EVIDENCE.** The record of a judgment for a certain sum, with 6 per cent. interest, is competent evidence of a claim against a decedent's estate for a larger sum, where the latter is arrived at by computing interest on the judgment at 6 per cent. to the date of filing the claim, and the claim shows the book and page of the judgment record, and it does not appear that the party objecting to such record has been misled by the variance in the amounts.

**ABANDONMENT OF.** On the probate record, where the filing of a claim against a decedent's estate, was noted, appeared the entry: "Withdrawn * * * 8—5—96; returned 9—18—96." Proof was made that the claim was temporarily withdrawn for the sole purpose of preparing a petition for its allowance. *Hel '*, that this was not an abandonment of the claim.

**Appeal: OBJECTION BELOW.** The objection that a claim was not properly entitled cannot first be raised in the supreme court.

*Appeal from Union District Court.*—HON. H. M. TOWNER, Judge.

THURSDAY, APRIL 6, 1899.

ACTION to establish a claim against the estate of William Groesbeck, deceased, of which the defendant is administrator. The claim is founded upon a judgment in favor of plaintiff and against said Groesbeck, of date September 21, 1878, for the sum of six hundred and twenty-three dollars and fifty cents, with six per cent. interest. A jury being waived, trial

was had to the court. There was a judgment in plaintiff's favor, and defendant appeals.—*Reversed.*

*Jas. G. Bull* and *Hugh M. Fry* for appellant.

*J. W. Milligan* and *E. A. Lee* for appellee.

WATERMAN, J.—The claim filed, and upon which this proceeding is founded, was in these words: "The Estate of William Groesbeck, Deceased, to Samuel Clough, Dr.: To amount on judgment in case of Samuel Clough v. William Groesbeck, in the circuit court, Book B, page 214, $1,230.66. Duly verified." A formal petition for the allowance of this claim was also filed at a later date. To this petition was attached a statement of the parties to the judgment, and the date and amount thereof; also, the book and page where recorded.

The first matter of complaint is founded upon the court's action in permitting the introduction in evidence of the record of said judgment in the judgment docket. It is said that this entry does not support the claim filed. The claim, it will be noticed, is for one thousand two hundred and thirty dollars and sixty-six cents. The judgment was for six hundred and twenty-three dollars and fifty cents, with six per cent. interest. It is manifest that the amount stated in the claim was arrived at by computing the interest on the principal of the judgment. It does not appear that the defendant was in any way misled by the variance in the amounts, nor is it possible that he could have been; for the book and page of the docket where the judgment appears is given in the claim as filed.

II.    Another objection to the claim as filed is that it is not properly entitled. It is enough to say on this point that no such question was raised in the trial court.

III.    Upon the probate record, where the filing of this claim was noted, there was an entry in red ink as follows:

"Withdrawn by E. A. Lee 8-5-96; returned 9-18-96." It is now insisted by appellee that this shows a dismissal of the claim. Even if no explanation had been offered, we should hardly feel justified in construing this entry as a dismissal. But plaintiff called the clerk of the court who made the entry, and his testimony shows that the document was withdrawn from the files by Mr. Lee, one of plaintiff's attorneys, in order that he might prepare the petition which was afterwards filed; and the entry was made to indicate this fact only. This did not amount to an abandonment of the claim. *Braught v. Griffith,* 16 Iowa, 31.

IV. Finally, it is insisted that there was a prior adjudication of this matter against plaintiff. It seems from the record that there was another proceeding for the establishment of this claim. The only evidence of the manner in which it terminated is an entry in the appearance docket offered by defendant, which is as follows: "On hearing, judgment ordered for defendant, with costs." No question is made as to the sufficiency of this evidence to establish a judgment. The appellee expressly admits that such a judgment was rendered. He meets, or attempts to meet, the issue by saying that action was brought against the administrator, and not against the estate, and in the district court, as a court of law, instead of in probate. The action was properly entitled against the administrator. Code 1873, section 2409. As to the claim that it was not in the proper form or in the proper tribunal, we have to say that the probate court has not exclusive jurisdiction of proof of claims against an estate. *McCrary v. Deming,* 38 Iowa, 527; *Crane v. Guthrie,* 47 Iowa, 542; *Moore v. McKinley,* 60 Iowa, 367; *Sterritt v. Robinson,* 17 Iowa, 61; *Cooley v. Smith,* 17 Iowa, 99. The plaintiff, by bringing his action in the ordinary form in the district court, will be held to have consented to the jurisdiction of that tribunal. *McCrary v. Deming, supra.* He cannot now be heard to say that the judgment rendered was without validity. The former adjud-

ication is binding, and estops plaintiff from again asserting rights based upon the same cause of action. For this reason the judgment must be REVERSED.