L. E. CRIST, Executor, Appellee, v. W. B. TALLMAN, Executor, Appellant.

**EXECUTORS AND ADMINISTRATORS:** Failure to Verify Claim. A
1    claim against an estate may be both *signed* and *verified* by claimant after filing with the clerk and after being called for trial. (Sec. 3338, Code, 1897.)

**EXECUTORS AND ADMINISTRATORS:** Sufficiency of Claim State-
2    ment. An itemized statement showing charges against one party only, coupled with an allegation that the goods were furnished to and used by a partnership composed of said party and another, sufficiently states a claim *against the partnership.* (Sec. 3338, Code, 1897.)

**WITNESSES:** Transaction With Deceased. An interested party may
3    testify to a conversation between two other parties, both of whom are dead, provided he took no part in such conversation. (Sec. 4604, Code, 1897.)

**EVIDENCE:** Daybooks and Ledgers Without Foundation. Books of
4    account, i. e., daybooks and ledgers, are admissible without showing that the daybooks are books of original entry, and without the laying of further foundation as to the ledgers, when such books are

offered in connection with evidence that the items therein pertaining to the account had been shown to defendant, who made no objections to the amounts and promised to pay the ·same.

**EXECUTORS AND ADMINISTRATORS:** Issues Embraced in Claim Against Partnership. The statement of a claim as *"for goods sold to, received by, retained and used by"* a partnership, embraces the issue whether the parties were *ostensible* partners.

*Appeal from Clarke District Court.*—HOMER A. FULLER, Judge.

OCTOBER 26, 1920.

REHEARING DENIED FEBRUARY 17, 1921.

CLAIM on account was established against the estate of C. C. Perdue, deceased, and from such order the executor of the estate appeals.—*Affirmed.*

*Temple & Temple,* for appellant.

*O. M. Slaymaker,* for appellee.

LADD, J.—In the years 1911 and 1912, M. E. Depperman operated a store at Liberty, and, among other things, furnished G. C. Perdue, or a partnership composed of him and C. C. Perdue, goods on credit. The latter died in February, 1914, and Mrs. Depperman departed this life on May 16th of the same year. L. E. Crist was appointed administrator of the estate of Mrs. Depperman, deceased, and undertook to collect the account from G. C. Perdue, but dismissed the action when the latter took advantage of the Bankruptcy Act. Claim on the account was filed by the administrator against the estate of C. C. Perdue, of which W. B. Tallman had been appointed executor, alleging that the goods were furnished a partnership; and later, it came on for jury trial.

I. The statement of the claim, filed May 29, 1914, was that:

"During the years 1911 and 1912, sold to a partnership composed of G. C. Perdue and C. C. Perdue, goods, wares, and merchandise, as shown by the itemized statement hereto attached, marked Exhibit A, and made a part hereof. That the articles itemized

1. EXECUTORS AND
ADMINISTRA-
TORS: failure to
veiify claim.

were furnished and the prices charged were reasonable, and that they were purchased at the dates given. That said goods were received, retained, and used by the said partnership, and the executor of the estate of C. C. Perdue is liable therefor.''

The name of W. Depperman, husband of decedent, was inserted as affiant in the affidavit to the claim, but it was not signed when the claim was filed, nor had his name nor the date been put in the jurat, though it was signed by the notary, and his seal attached. When called for trial, June 11, 1911, Depperman signed the affidavit, and the notary inserted in the jurat the date last mentioned. Prior thereto, however, the executor of the estate of Perdue moved that the claim be stricken from the files, for that (1) it was not sworn to when filed with the clerk of court, and (2) it was not clearly stated.

II. Section 3338 of the Code requires that:

''Claims against the estate shall be clearly stated, and, if founded     *     *     *     upon account, an itemized copy shall be attached, showing the balance; which statement must be sworn to and filed with the clerk.''

The copy attached consisted of 17 pages of specific items, with date of each, but indicated that the account was with G. C. Perdue.

The motion was rightly overruled. Appellant argues that, inasmuch as the itemized statement of account purported to be with G. C. Perdue, it did not constitute a clear statement of a claim against a partnership. But for the allegation that the several items were furnished the partnership alleged, and by it retained and used, there might be some force in the suggestion. With such allegation, no one could well fail to understand that the claimant was demanding the allowance of the balance of an account charged on the books to G. C. Perdue, against the estate of C. C. Perdue, deceased, on the ground that the two constituted a partnership, and that the goods, though charged to the son individually, were, in fact, furnished to and appropriated by a partnership, composed of father and son. Indeed, there is no escape from this construction, and, if so, the claim must be held to have been clearly stated. Undoubtedly, the statute contemplates the verification of the statement of the

2. EXECUTORS AND
ADMINISTRA-
TORS: suffi-
ciency of claim
statement.

claim before being filed. But this requirement is directory, and the affidavit may be attached subsequently. *Goodrich v. Conrad,* 24 Iowa 254; *Wile v. Wright,* 32 Iowa 451; *McCrary v. Deming,* 38 Iowa 527; *Merrill v. Beaver,* 46 Iowa 646; *Moore v. McKinley,* 60 Iowa 367; *Wise v. Outtrim,* 139 Iowa 192. There was no error in overruling the motion.

III. W. E. Depperman was allowed to testify, over objection, to conversations between his wife and C. C. Perdue, in which the witness swore he took no part. The testimony was not of a communication between witness and decedent, but between the latter and a third party, i. e., Mrs. Depperman; and, as the witness took no part therein, he was not within the prohibition of Section 4604 of the Code. *Hart v. Hart,* 181 Iowa 527.

3. WITNESSES: transaction with deceased.

IV. Depperman testified that, in the course of the conversation after the account was closed, Mrs. Depperman exhibited to C. C. Perdue the pages in the daybook in which the account was kept, and also the pages in the ledgers to which balances were carried, and that he made no objection thereto, but remarked:

4. EVIDENCE: daybooks and ledgers without foundation.

"We have been short of money, and have not been able to pay it, but I will see that it is paid."

Upon the offer of the pages of these books exhibited to Perdue, counsel for executor of Perdue estate objected, on the ground that the books had not been properly identified, nor foundation laid for their introduction, and that the ledgers were not books of original entries. The objection was overruled. This ruling is to be upheld, for the reason that the ledgers, together with what decedent Perdue said, were in the nature of admissions of the accuracy of the account. The admission of the daybook might well have been put on the same ground, but the court "allowed the book to be introduced solely for the purpose of showing partnership." It, with the conversation, incidentally tended to confirm what was claimed to have been said by Perdue concerning his relation with his son as partner, and was admissible even though foundation had not been laid according to the requirements of Section 4623 of the Code.

V. Appellant challenges the sufficiency of the evidence to sustain the finding that a partnership existed between C. C.

Perdue and his son. A recital of the record bearing thereon will serve no useful purpose. We are content merely to announce that we reach the conclusion that the evidence was ample, though not conclusive.

VI. The statement of the claim alleged that the goods "were sold to a partnership," and that these were "received, retained, and used by said partnership." Some of the evidence tended to show that decedent represented to Mrs. Depperman that he was in partnership with his son, that the goods were used by the firm, and that she furnished the goods in reliance on these representations; and with reference thereto, the court said that:

"If a person voluntarily and knowingly holds himself out, by his acts or language, to the public or to third persons, as the partner of another, and a third person deals with that other on the faith of an existing partnership, then the person so holding himself out will be liable as a partner to the person so dealing, notwithstanding there was, in fact, no such partnership. As applied to the case at bar, if you find from the preponderance of the evidence that the said C. C. Perdue, deceased, represented to plaintiff's assignor, M. E. Depperman, that he was a partner of G. C. Perdue, and that he would be liable for goods to be sold and charged to G. C. Perdue for the use of the partnership, then said C. C. Perdue would be liable as partner, if the goods were furnished by the said M. E. Depperman in reliance upon such representations, regardless as to whether there was, in fact, a partnership between G. C. Perdue and C. C. Perdue or not."

This is a correct statement of the law, as applied to the evidence; but it is contended that the issue was not involved in the claim as stated, and the denial raised by statute, Section 3340 of the Code, and that for this reason the instruction was erroneous. The same precision and fullness as are required in a petition are not required in the statement of a claim. As remarked by Sherwin, J., in *Harrison v. Harrison,* 124 Iowa 525:

5. EXECUTORS AND ADMINISTRA- TORS: issues embraced in claim against partnership.

"Under the statute, no petition or other formal pleading is necessary; and, while the claim stated is in the nature of a petition, and takes its place, the same strict conformity of proof to

statement that would be required in an ordinary action is not required here.''

The reason for this is well stated in *Chariton Nat. Bank v. Whicher,* 163 Iowa 571:

''It is a matter of common observation to every court and practicing lawyer that these claims are almost universally stated in very general and informal terms, being often prepared without the aid of counsel, and no court thinks of applying thereto the strict and technical rules of the law of pleading as it is observed in ordinary court proceedings, and no amendment which is germane to a claim as originally stated, which does not destroy the substantial identity of the claim, or substitute some other new or different subject of the claimant's demand, will deprive him of the advantage of his original filing.''

In *Craig v. Estate of Craig,* 167 Iowa 340, the court observed that:

''It is not necessary that the claim be stated with the same fullness and particularity as a petition in an ordinary case. *Harrison v. Harrison,* 124 Iowa 528. The same conformity of proof to the allegations of the claim is not required as in an ordinary action.''

See, also, *Sullenbarger v. Ahrens,* 168 Iowa 288; *Wise v. Outtrim,* 139 Iowa 192; *University of Chicago v. Emmert,* 108 Iowa 500. In the case at bar, the goods had been delivered to G. C. Perdue. If decedent were liable at all, it was as partner with G. C. Perdue, either actual or ostensible. If only ostensible, the basis for such a finding was the declarations of decedent to Mrs. Depperman, and if she relied thereon, his liability was the same, whether actually a partner or merely ostensibly a partner of the alleged firm. Precisely the same evidence was admissible on both issues. There is no pretense of prejudice, and we are inclined to the opinion that the court did not err in ruling the statement of the claim broad enough to include any liability decedent may have incurred in holding himself out as a member of a partnership, to which Mrs. Depperman sold the goods in reliance thereon. As we discover no error in the record, the order allowing the claim is—*Affirmed.*

WEAVER, C. J., STEVENS and ARTHUR, JJ., concur.